### CHARLES FERRIS vs. COMSTOCK, FERRE & COMPANY.

A declaration alleged that the defendant sold the plaintiff sixteen pounds of onion seed for $16, paid by the plaintiff, and that, in consideration of the premises, the defendant warranted the seed to be "fresh, genuine, and the product of the preceding year." The proof was, that the sum paid was $8, and that the warranty was that the seed was "good, fresh, and such seed as would grow." It appeared that the terms of warranty alleged and those proved were generally understood and used as having the same import. Held, 1. That there was a fatal variance as to the consideration. 2. That there was no variance as to the warranty.

Held also, that, in a suit upon the warranty, the plaintiff was entitled to recover as damages, the amount paid for the seed, the value of his labor in preparing the ground for the seed, after deducting the benefit to the land, and the value of his labor in planting the seed, with interest on the several amounts.

ACTION on the case for the breach of a warranty of a quantity of onion seed, sold by the defendants to the plaintiff, brought to the superior court for Fairfield county. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*Ferry*, with whom was *Ferris*, for the plaintiff.

*Seeley* and *Sumner* for the defendants.

PARK, J.   The first question in order is, whether a fatal variance exists between the proof and the declaration in relation to the consideration of the contract of warranty.

The declaration states that " the defendants sold and delivered to the plaintiffs sixteen pounds of onion seed for the price of sixteen. dollars, which the plaintiff then paid to the defendants, and in consideration of the premises the defendants on said sale promised the plaintiff that said onion seed was fresh and genuine, and of the product of the preceding year."   The court finds that the sum of eight dollars was agreed to be paid and was paid to the defendants, instead of the sum of sixteen dollars as stated in the declaration, and hence arises the question of variance.   This question is too clear for argument.   It appears from the finding of the court that the plaintiff proposed to the defendants to pay them a certain sum of money for sixteen pounds of onion seed, warranted to be of a certain description.   The defendants accepted the proposition, received the money, delivered the seed to the plaintiff, and made the promise of warranty according to the terms of the proposition.   From these facts it is manifest that some portion of the sum paid to the defendants was the consideration of the promise of warranty.   The sum was paid for the seed and the warranty, as well for the one as the other.   There was but one consideration for both.   Now, unless the declaration so states the consideration of the promise of warranty, then there is a fatal variance between the proof and the declaration in this respect.   If the declaration does so state the consideration of the promise, then there is a fatal variance, because the declaration does not correctly state the amount of the sum of money paid as the consideration of the sale and the promise of warranty.   In either view of the case, therefore, there is a fatal variance.

The defendants further claim that there is a fatal variance between the proof and the declaration in relation to the contract of warranty.   The declaration sets forth that the de-

fendants warranted the seed to be "*fresh* and *genuine,* and the *product of the preceding year.*" The court finds that the defendants warranted the seed to be "*good, fresh,* and such seed as would *grow.*"

The defendants warranted the seed to germinate and grow, and the question is, do the terms used in the declaration have the same import?

That the plaintiff so understood their meaning is evident from the fact that the only complaint that he makes in the case, as the basis of recovery against the defendants, arises from the failure of the seed to germinate. Indeed, this quality is the only one of value that seed of this description can possibly have. Without this quality the seed is not only worthless in the hands of the owner, but may be the means of inflicting serious damage upon him.

These terms, therefore, "*good, fresh, warranted to grow, the product of the preceding year,*" when applied to seed of this description, must have reference to its reproductive quality, and must be terms of similar import, well understood by men in the business of raising seed for market. Such meaning the defendants gave to the term *fresh seed;* for the case finds that in the town where the defendants resided, the phrase was well understood to mean seed that would germinate and grow. In the town where the plaintiff resided the same term was understood to mean seed that was the product of the next preceding year, which is another term for seed that will germinate and grow.

The declaration uses these terms in describing the contract of warranty, and we think there is no variance in this respect.

The only remaining question is in relation to the damages.

The finding of the court leaves the subject of damages too indefinite for us to form any opinion in relation to the amount. We cannot, therefore, advise the superior court on this subject, farther than to state that, upon an amended declaration, the plaintiff ought to recover the value of his labor expended in preparing his ground for the reception of the seed, after deducting all general benefit to the land resulting from such labor. He ought further to recover the value of the labor

expended in planting the seed, and the sum of money paid in its purchase, together with the interest on the several amounts.

We therefore advise the superior court that there is a fatal variance between the proof and the declaration in relation to the consideration of the contract of warranty; but, upon a declaration amended in conformity with the proof, the plaintiff is entitled to recover of the defendants a sum found by the superior court in accordance with the suggestions of this court upon the question of damages.

In this opinion the other judges concurred.