WILLIAM S. HARLAN *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY
COMPANY.

January 23, 1884.

Action for Services—Recovery on Counterclaim for Negligence.—In
an action brought upon contract for services, the defendant may plead,
by way of recoupment and set-off, damages sustained by him through the
negligence of plaintiff in the performance of the same contract of employ-
ment upon which the action is brought, and, if the balance be found in
his favor, he may have judgment against the plaintiff for the amount
thereof.

Order Striking out Answer—Appeal — Exception.—An order striking
out an answer being an appealable order, and forming part of the record,
need not be excepted to in order to entitle the appellant to have it reviewed.

This action was brought before a justice of the peace in Ramsey
county to recover for services rendered by plaintiff as a brakeman.
The answer, as a first defence, denied that the plaintiff had worked
for the defendant the length of time alleged in the complaint, but ad-
mitted 19 days' work for which the plaintiff had not been paid, and
alleged, as a second defence, and as a counterclaim, that the plain-
tiff had performed his duties so carelessly and negligently as to oc-
casion the defendant damages to the amount of $100, for the excess
of which amount over the amount owing plaintiff the answer de-
manded judgment.

The plaintiff recovered judgment in the justice's court, and defend-
ant appealed to the municipal court of St. Paul, where, on plaintiff's
motion, the second defence in the answer was stricken out, and judg-
ment entered for plaintiff for the nineteen days' work admitted in the
answer to be unpaid for. From this judgment defendant appeals.

*R. B. Galusha* and *J. Kling*, for appellant.

*Erwin, Ryan & Ives*, for respondent.

MITCHELL, J. Plaintiff brought this action to recover for services
rendered to defendant as brakeman on its railroad. The defendant,
in its answer, set up, "by way of defence and counterclaim," dam-
ages sustained through the negligent performance by plaintiff of the

same contract of employment upon which the action is brought. This could be done, independent of any statute, under the common-law doctrine of recoupment. It was well settled, upon common-law principles, that where the defendant has sustained damages by reason of the plaintiff's non-performance of his part of the agreement sued on, such defendant has the right to abate the plaintiff's claim by the amount of such damages. 3 Wait, Act. & Def. 610 ; 7 Wait, Act. & Def. 544. If the defendant can show that the plaintiff himself has violated some stipulation of the same contract sued on, he may recoup his damages arising from such breach, whether they be liquidated or unliquidated. Damages incurred by the defendant through the negligence of the plaintiff in the performance of the contract of employment sued on, might be thus interposed by way of recoupment. Waterman on Set-off, §§ 535, 536. Our statute has extended this right so that now a defendant may plead such damages, not merely in reduction or bar of plaintiff's claim, but also so that, if the balance be found in his favor, he may have affirmative judgment for the amount against the plaintiff. The court, therefore, erred in striking out the second defence in defendant's answer.

An order striking out an answer being an appealable order, which constitutes a part of the record, need not be excepted to in order to entitle the appellant to have it reviewed. *Ely* v. *Titus*, 14 Minn. 93, (125.)

Judgment reversed, and new trial ordered.