CHARLES W. SHATTO *vs.* WILLIAM J. ABERNETHY and another.

October 1, 1886.

**Sale of Seed Wheat.—Warranty of Quality.**—Evidence considered as justifying a finding by the jury that certain wheat sold as "genuine Saskatchewan Fife wheat" was not warranted to be *pure*, or absolutely free from other seeds, and that there was no breach of warranty although there were some impurities.

**Appeal—Instructions not Excepted to.**—Instructions to a jury not excepted to will not be reviewed.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial after verdict for defendants.

*George McNeir* and *A. B. Jackson,* for appellant.

*A. D. Polk,* for respondents.

DICKINSON, J. This action is for the recovery of damages upon the ground of a breach of warranty as to the quality of a quantity of wheat, 155 bushels, furnished by the defendants to the plaintiff, pursuant to a contract between them, which contemplated that the wheat was to be used for seed upon certain lands of the plaintiff. The contract was first made orally, and, as is claimed by the plaintiff, with a warranty or agreement on the part of the defendants that the wheat was "pure Saskatchewan Fife wheat." Afterwards the parties executed a contract in writing, embodying, in part at least, the prior oral agreement. This written contract contains nothing respecting the quality of the wheat to be furnished, except that it is designated as "Saskatchewan Fife wheat." Upon the trial evidence was received, without objection, going to show that the first and oral agreement was made with a warranty that the grain was *pure* Saskatchewan Fife wheat. Evidence on the part of the defendants went to show that no warranty was made other than that it was Saskatchewan Fife wheat. There was a general verdict for the defendants.

The principal point presented upon this appeal is that the verdict was not justified by the evidence. The evidence as to the nature or extent of the warranty in the original agreement (treating that agree-

ment, as it was treated upon the trial, as proper to be considered) was such that the jury might conclude that the warranty or undertaking of the defendants did not extend beyond the fact that the grain was "genuine Saskatchewan Fife wheat;" but, in view of the admission in the answer, it may be assumed further that it was furnished for the express purpose of being used for the production of a crop for seed, and hence that, by implication, if not expressly, the defendants warranted it reasonably fit for that purpose. Considering the undertaking of the defendants to be such as is thus indicated, the conclusion implied from the verdict, that there was no breach of the warranty, is fairly sustained by the evidence. Except for the presence of other seeds, it was what was known as Saskatchewan Fife wheat. The evidence of the plaintiff went to show that a large part of the bulk, estimated as high as 40 per cent., was composed of other kinds of wheat, and of other seeds, with some smut. The evidence on the part of the defendants, from several witnesses, shown to have been apparently capable of testifying to the fact, tended to prove that it was without smut, and with very little admixture of other seeds or of other wheat. As to the amount of impurities in this seed, and whether for that reason it was unfit for the purpose contemplated, or failed to fulfil the requirements of the contract, the case was properly submitted to the jury.

Concerning the instruction of the court submitting it to the jury to determine whether the written instrument embraced the agreement of the parties, it is enough to say that no exception was taken. The same is true concerning the charge that it would be impracticable to pick over the wheat by the handful.

The point based upon the alleged instruction that there would be no breach of warranty unless the wheat was more impure than it would naturally become by passing through an elevator, is not sustained, for we find nothing of the kind in the charge. Neither is there anything in the charge to sustain the point that the jury were left to interpret the warranty according to what they might find one of the parties intended by it. We find no error in the charge.

Order affirmed.