G. B. SHAW & COMPANY v. YATES SMITH *et al.*

1. WRITTEN CONTRACT—*Implied Warranty of Flax Seed Sold.* Shaw & Co., dealers in flax seed, and Smith, who desired to raise a crop of flax, entered into a contract that Shaw & Co. should furnish and deliver to Smith flax seed to sow and to raise a crop from it, which crop Shaw & Co. were to purchase from Smith upon certain terms and conditions stated in the contract. The flax seed was not present at the time the contract was made. Afterward Shaw & Co. furnished and delivered to Smith the flax seed, which appeared to be good and which the parties believed to be good, but which in fact was worthless. Smith prepared his ground and sowed the flax seed; but it did not germinate and he lost all his time and labor in procuring the seed and in sowing it and in preparing the ground for it, and also lost the use of his ground. *Held,* Under such circumstances, that a warranty may be implied upon the part of Shaw & Co., that the flax seed should be sufficient for the purpose of sowing it and raising a crop from it.

2. VENDEE *May Recover Damages.* And also, under the foregoing contract and the circumstances of the case, *held,* that Shaw & Co. cannot recover on the contract for the agreed price of the flax seed, and Smith may recover for all losses necessarily sustained by him by reason of the worthlessness of such seed.

*Error from Cowley District Court.*

THE opinion states the facts. Judgment for defendants *Smith* and another, at the December term, 1887. The plaintiffs *G. B. Shaw & Co.* bring the case here.

*Samuel Dalton,* and *Samuel J. Day,* for plaintiffs in error.

*S. E. Fink,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought before a justice of the peace of Cowley county on January 31, 1887, by G. B. Shaw & Company againt Yates Smith and James W. McClellen, for the recovery of $12 and interest, upon the following instrument in writing, to wit:

"CAMBRIDGE, April 30, 1886.

"On or before the first day of October, 1886, we promise to pay to the order of G. B. Shaw & Co., at their office in Cambridge, twelve dollars, for value received, with interest after maturity, at the rate of 10 per cent. per annum, until paid.

"This note is given in part consideration of the sale to Y. Smith of eight bushels flax seed, by said G. B. Shaw & Co., and as a further consideration therefor, we agree to plant fourteen acres with said seed, to cultivate, harvest and clean the same in proper and careful manner, and deliver to G. B. Shaw & Co., at Cambridge, Kansas, on or before the first day of December, 1886, the whole crop raised therefrom, at a price mentioned below per bushel of fifty-six lbs., for pure and prime flax seed. Flax seed not pure and prime to be inspected and graded subject to the rules of the St. Louis Merchants' Exchange; and should we sell or trade, or attempt to offer to sell or trade such crop to any other person or persons than said G. B. Shaw & Co., or order, then the note hereto attached shall immediately become due and payable; and the said G. B. Shaw & Co., or their assigns, are hereby authorized to enter any building or premises without any legal process whatever, and seize and remove such crop whatsoever (and in whosoever's possession) the same may be found; and to pay me the balance on demand, after the amount due upon said note has

been deducted, together with all costs and expense incurred, where seizure is necessary.

"Price to be paid per bushel on basis of pure, to be 35 cents less than St. Louis market price on day of delivery.

YATES SMITH.
JAMES W. McCLELLEN."

Afterward the case was taken on appeal to the district court, where the case was tried before the court and a jury, with the result hereafter stated. The plaintiff's bill of particulars simply set up the foregoing instrument, and asked judgment thereon for $12, and interest at the rate of 10 per cent. per annum from October 1, 1886. The defendants' amended answer thereto and cross-petition alleged that the flax seed for which the instrument sued on was given was purchased by Smith for the purpose of sowing it and raising a crop; that it was warranted by the plaintiffs to be good, but that it was worthless; that he (Smith) sowed it, but that it did not germinate; and that he lost his time, labor, and use of his ground; and that he was damaged thereby in the sum of $150, and he asked judgment for that amount and costs of suit. The trial resulted in a verdict in favor of the defendants and against the plaintiffs for the sum of $90, and judgment was rendered accordingly, and the plaintiffs, as plaintiffs in error, bring the case to this court for review.

It appears from the evidence that the facts of the case are substantially as follows: The plaintiffs, G. B. Shaw & Co., were dealers in flax seed, at Cambridge, in said Cowley county. Smith went to their place of business about April 20, 1886, and found Joseph Fraley, their agent, in charge. Shaw & Co. did not have any flax seed on hand, but they were about to order some. Smith told Fraley to order eight bushels for him for the purpose of sowing it and raising a crop. Fraley told Smith that they would furnish the flax seed upon the conditions substantially as set forth in the foregoing instrument. Afterward the flax seed arrived and Fraley gave notice to Smith. Smith then, on April 30, 1886, went to Cambridge and received the seed, about eight bushels in

amount, inclosed in a sack, from Fraley, and took it home and sowed it upon about twelve acres of ground. The seed appeared to be good, and Fraley and Smith believed it to be good; but in fact it was not good and it did not germinate, and Smith lost all his time and labor in procuring it, and in preparing the ground for sowing it and in sowing it, and he got no crop and lost the use of his ground; and upon these facts the jury found in favor of the defendants and against the plaintiffs, and assessed the defendants' damages at $90, as aforesaid. The only questions now involved in the case are as follows: 1. Under the contract between the parties, and under the circumstances of the case, was there any such implied warranty on the part of Shaw & Co. respecting the sufficiency of the flax seed for the purposes of sowing it and raising a crop, that the plaintiffs may be defeated in their action on the aforesaid written instrument? 2. If so, then under such contract and warranty, and circumstances, may the defendants Smith and McClellen, or rather Smith, recover damages for Smith's losses necessarily occasioned by reason of the worthlessness of the flax seed? 3. And if so, then what is the measure of Smith's damages?

The maxim of the common law, *caveat emptor*, is the general rule applicable to purchases and sales of personal property so far as the quality of the property is concerned; and under such maxim, the buyer, in the absence of fraud, purchases at his own risk, unless the seller gives him an express warranty, or unless, from the circumstances of the sale, a warranty may be implied. In the present case no express warranty was given, and the question then arises, Was there any implied warranty? At the time when the contract for the purchase and sale of the flax seed was entered into, such seed was not present so that it could be inspected by the purchaser, and when it arrived and was delivered to him the defect in the seed was not apparent, and was probably not discoverable by any ordinary means of inspection, and it was not discovered until after it was sowed and when it failed to germinate. When the original contract for the purchase and

22—45 KAS.

sale of the flax seed was made, the flax seed was purchased and sold for the particular purpose, known to both the buyer and the seller, of sowing it in a field and of raising a crop from it, and therefore this purpose was a part of the contract and demanded that the seed should be sufficient for such purpose. It in effect constituted a warranty on the part of the seller that the seed should be the kind of seed had in contemplation by both the parties when the contract was made. The purchaser had to rely upon the seller's furnishing to him the kind of seed agreed upon, and the seller in effect agreed that the seed furnished should be the kind of seed agreed upon. The entire contract when made was executory, and it was to be executed and performed afterward, and to be performed in parts and at different times. The seller was first to furnish the seed, and he did so in about ten days after the contract was made, and of course the seed was to be a kind of seed that would grow. The purchaser was afterwards to sow it and to raise a crop. And afterward the purchaser was to sell, and the seller was to buy the crop upon certain terms and conditions expressed in the contract. We think there was an implied warranty on the part of the seller that the seed should be sufficient for the purpose for which it was bought and sold. ( *Wolcott v. Mount*, 36 N. J. L., [7 Vroom,] 262; same case, 13 Am. Rep. 438; same case, 38 N. J. L. [9 Vroom] 496; same case, 20 Am. Rep. 425; *Van Wyck v. Allen*, 69 N. Y. 61; same case, 25 Am. Rep. 136; *White v. Miller*, 14 N. Y. S. P., [7 Hun,] 427; same case, 71 N. Y. 118; same case, 27 Am. Rep. 13; *Whittaker v. McCormick*, 6 Mo. App. 114.)

We also think that the purchaser may recover damages from the seller for all the losses necessarily sustained by the purchaser by reason of the worthlessness of the flax seed furnished by the seller. See the authorities above cited, and also the following: *Passinger v. Thorburn*, 34 N. Y. 634; same case, 90 Am. Dec. 753; *Flick v. Wetherbee*, 20 Wis. 392; *Ferris v. Comstock*, 33 Conn. 513; *Randall v. Raper*, El. B. & E. 84. And it is not claimed that the purchaser in the

present case recovered for more than the foregoing losses. The claim is that the purchaser had no right to recover at all, and that the seller had the right to recover on the instrument sued on.

No other questions are presented.

We think no material error was committed in the case, and the judgment of the court below will be affirmed.

All the Justices concurring.

*Per Curiam:* It is understood that the same questions of law and fact are involved in the case of G. B. SHAW & Co. v. T. L. JONES, from Cowley district court, that are involved in the case of *Shaw v. Smith,* just decided, and the judgment of the court below in this case will be affirmed upon the authority of that case.