WILLIAM TOWNSEND *vs.* MINNEAPOLIS COLD-STORAGE AND FREEZER COMPANY.

April 27, 1891.

Pleading—Reply—Departure.—When a reply sets up and asks affirmative relief upon a cause of action different from that alleged in the complaint, it is, if it is to be regarded only as the basis for affirmative recovery, and not a defence to matter in the answer, a departure in pleading.

Same—Counterclaim in Reply.—If a counterclaim may be set up in a reply, it can be only to defeat a recovery on a counterclaim in the answer, and not for an affirmative judgment on it. There can be no counterclaim or set-off to a mere defence.

Same—Matter Pleaded as Counterclaim, when Available as Defence. Matter pleaded expressly as a counterclaim, though not proper as such, may, if it constitute a defence to a claim in the opposite pleading, be available as a defence.

Same—Claim on Contract—Recoupment of Damages from Claimant's Breach.—Under the common-law doctrine of recoupment, a party against whom a claim is made upon a contract may abate or bar such claim by proof of damages sustained by him by the other party's breach of the contract.

Same—Replevin—Defence, Claim of Storage-Lien—Plaintiff's Damages in Excess of Storage.—Thus where, in an action in replevin, the defendant justifies the detention upon a lien claimed for storing the property, the plaintiff may, in order to defeat the claim of lien, allege and prove damages sustained by him to as much as or more than the amount claimed to be due for storing.

Appeal by plaintiff from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing a new trial, a motion

for judgment of dismissal on the pleadings having been granted at. the trial.

*C. J. Cahaley,* for appellant.

*Merrick & Merrick,* for respondent.

GILFILLAN, C. J.[1]   The action is by plaintiff, as owner, to recover possession of 1,400 barrels of apples; the complaint demanding judgment for the delivery of the apples, and damages for the detention thereof.   The answer claims a lien on the apples as warehouseman, for storing them at an agreed price per barrel per month, amounting to $633, and also a lien by agreement between it and plaintiff for freight charges on the apples, paid by it to the railroad company which had transported them on receiving them, at the request of plaintiff, the amount so paid being $887.27, of which plaintiff has paid it $596.16; and also a lien amounting to $4.42 for two items of services on the apples,—the amount of said liens unpaid being $928.53; and it claims the defendant is entitled to possession under the liens, and it asks that the action be dismissed.   The reply admits the agreement for storage, and the fact of storage, except of 118 barrels, for one month; admits the payment of the freight charges by defendant, but denies any agreement for a lien on account thereof; and alleges that plaintiff has repaid defendant all so paid, and denies all other new matter in the answer; and then the reply proceeds, "The plaintiff alleges, by way of counterclaim to the claim of defendant as alleged in his said answer," and then sets forth what are, in effect, allegations of incompetency and negligence on the part of defendant in the storing and keeping of the apples, in consequence whereof 500 barrels were lost, and the remainder injured, to plaintiff's damage of $1,750.   The reply then demands judgment as in the complaint demanded, and for the sum of $1,750 and interest.   At the trial the court granted defendant's motion for judgment of dismissal on the pleadings.   From the order refusing a new trial, it appears that the court ordered judgment because it regards the part of the reply designated a "counterclaim" to be a departure in pleading, and that, disregarding the reply so far as it was.

[1] Mitchell, J., took no part in this decision.

a departure, the defendant was entitled to judgment on the facts in the answer admitted by the reply. Treating that part of the reply as a departure, the decision of the court would be correct. We suspect, though it does not appear in the record, that it was in the court below insisted by the plaintiff merely that this matter in the reply was proper as the basis for the recovery of affirmative relief by plaintiff. In that view it would certainly be a departure in pleading, for the matter thus pleaded does not support nor fortify the cause of action set forth in the complaint, but constitutes an entirely distinct and independent cause of action. We do not determine whether, in any case, a plaintiff may set up a counterclaim or set-off in his reply. If it can ever be done, it cannot be for the purpose of an affirmative recovery upon it, but can be only to defeat a recovery by defendant upon a cause of action set up in the answer as a counterclaim. This answer contains no counterclaim, but only a defence. There is no such thing as a counterclaim or set-off against a mere defence.

As we have intimated, we doubt that the effect of the matter called a "counterclaim" in the reply upon the claim for a lien in the answer, its tendency to defeat that claim, was urged in the court below. But it is presented to us upon the record, so that we have to determine it. Of course, the plaintiff may, in his reply, allege a defence against the claim for a lien; as that the debt for which the lien is claimed never accrued, or that it has been paid, or the lien extinguished in any other way. And here arises the question of pleading. May a party who pleads matter expressly as a counterclaim have the benefit of it as a defence, if it constitute a defence but not a counterclaim? In *Broughton* v. *Sherman*, 21 Minn. 431, and *Griffin* v. *Jorgenson*, 22 Minn. 92, it was held that, to constitute new matter a counterclaim, it must be pleaded as such. This may be done by stating in the pleading that it is pleaded as a counterclaim, or by a demand for affirmative relief upon it. There are good reasons for requiring this, one of which is that the opposite party may be apprised that he is called on, not merely to make good the claim he asserts in his pleading, but to defend himself against affirmative relief sought by his opponent. Matter may be of such a nature as to

be a defence, and also a counterclaim. *Eastman* v. *Linn*, 20 Minn. 387, (433.) Its consequences, when used as a counterclaim, may be, in very many cases would be, more serious to the party against whom it is pleaded than if used as a defence only. It is not necessary that new matter shall be stated to be pleaded as a defence. If it be in a defensive pleading, and is a defence, it is enough. It is only when it is to be used for the larger purpose of establishing an affirmative cause of action that the purpose of pleading it need be stated. *Prima facie* it is pleaded as a defence only. It is a general rule of pleading that a party does not lose the benefit of matter pleaded by asking for it a greater effect than it is entitled to. If, therefore, the matter pleaded in this reply as a counterclaim is a defence to the claim of lien in the answer, although it is not proper as a counterclaim, the plaintiff is entitled to the benefit of it, so far as may be necessary to defeat the claim for a lien. It is to be observed that the reply, otherwise than in the part stated to be for a counterclaim, puts in issue, or states a defence to, the claim of lien except so far as it is based on the right to compensation for storing the apples. It is the effect of the matter pleaded as a counterclaim on that right to compensation that is to be considered. The common-law doctrine of recoupment is not affected by the statute of counterclaim, except that the right is thereby extended, so that the party entitled to recoup may, if he so elect, go beyond abating or barring the plaintiff's claim, and recover an affirmative judgment for the difference in his favor. He may still plead and prove as a defence, in whole or in part, the damages he has sustained by plaintiff's breach of the contract upon which he is sued. The theory of the doctrine was, not of setting off one cause of action against another, for the common law did not permit that. Some cases give as a reason for the doctrine that it is to avoid circuity of action. But the most satisfactory reason is that stated by Chancellor Walworth in *Reab* v. *McAlister*, 8 Wend. 109, 115: "There is a natural equity, especially as to claims arising out of the same transaction, that one claim should compensate the other, and that the balance only should be recovered." In other words, there is really and equitably due a party upon a contract or transaction the balance in his favor, after

adjusting the claims of both parties arising from the same contract or transaction. That independent of any statute a defendant may abate or bar the plaintiff's claim, by proof of damages sustained by him by plaintiff's non-performance of the agreement sued on, was recognized in *Harlan* v. *St. Paul, M. & M. Ry. Co.,* 31 Minn. 427, (18 N. W. Rep. 147.) The case is not like *Cooper* v. *Simpson,* 41 Minn. 46, (42 N. W. Rep. 601.) That was a case of counter-causes of action arising on independent contracts, and it was held in effect that one did not extinguish the other. Taking the allegations of the reply to be true,—and of course they must be, for the purpose of the appeal,—there was nothing due defendant on the contract for storage, and consequently there could be no lien for storage. The matter pleaded was therefore a defence to the claim for a lien, just as payment would have been.

Order reversed.

[1] Mitchell, J., took no part in this decision.