ALFRED J: KENT *vs.* HALLIDAY BROTHERS.

PROVIDENCE—JULY 11, 1901.

PRESENT : Stiness, C. J., Tillinghast and Dubois, JJ.

(1)  *Pleading and Practice.   Declarations.*

A declaration alleged that plaintiff had a crop of growing potatoes ; that he purchased of defendants Paris green, which they warranted to be pure and that it would kill the potato-bugs on plaintiff's crop of potatoes ; that he applied said Paris green in a reasonable and proper manner, but that it was impure and of insufficient strength and did not kill

the bugs, and that defendants knew at time of sale for what purpose plaintiff intended to use the article.  On demurrer :—

*Held*, that the declaration sufficiently set out the damages suffered by the plaintiff.

(2)  *Pleading and Practice.    Damages.*

Damages alleged in a declaration to have been sustained as the result of particular causes therein set forth must, upon demurrer, be taken as true.  Objections for remoteness and uncertainty should be made to such claim on the trial.

(3)  *Pleading and Practice.    Pleading in Alternative.*

A count which sets out that defendants "expressly *or* impliedly warranted" is bad, as stating material facts in the alternative.

ASSUMPSIT for breach of warranty.   The facts are stated in the opinion.   Heard on demurrer to two counts of declaration.   Demurrer overruled to first and sustained to second count.

TILLINGHAST, J.  This is an action of assumpsit for breach of warranty in the sale of Paris green.

(1)   The first count in the declaration sets out substantially that the plaintiff is a farmer in East Providence, and at the time in question had a large crop of growing potatoes ; that he purchased of the defendants twelve pounds of Paris green which they promised and warranted to be pure Paris green and that it would kill the potato-bugs upon the plaintiff's aforesaid growing crop of potatoes ; that he applied said Paris green in a reasonable and proper manner to said growing crop, but that it was impure, weak, and not sufficiently strong to kill said potato-bugs, and did not kill them or any considerable portion thereof.   It also alleges that the defendants knew when they sold said Paris green that the plaintiff intended to use the same to exterminate said bugs and sold the same to him for that purpose ; and that, by reason of the premises, the plaintiff has suffered damages.

The second count differs from the first only in that it alleges that when the defendants sold said Paris green to the plaintiff they "expressly *or* impliedly promised and warranted that it was of sufficient strength to destroy said potato-bugs."

The defendants demur to said declaration on the grounds,

first, that it does not appear by the first count thereof that the plaintiff has suffered any damages; second, that the damages alleged in the first count are too remote, vague, indefinite, and uncertain; third, that the second count is insufficient in that there could be no implied warranty in the sale of the article described; fourth, that the second count is demurrable for duplicity in that it sets up an express and an implied warranty; fifth, that the measure of damages as set forth in the second count is remote, vague, indefinite, and uncertain; and sixth, that it does not appear in and by the second count that the plaintiff has suffered any damages.

We do not think that the grounds of demurrer to the first count are well taken. This count alleges, in substance, that because of the weak and inefficient character of the Paris green it failed to accomplish the object for which it was purchased, and the object which the defendants expressly promised and warranted that it would accomplish, namely, the destruction of said potato-bugs; and that by reason of such failure the plaintiff's potato crop was ruined. In view of these direct and positive allegations, which for the purposes of the case as it now stands must be taken to be true, we fail to see how it can be successfully claimed by the defendants that it does not appear by said count that the plaintiff has suffered any damage. And this statement applies as well to the second ground of demurrer to the first count, namely, that the damages alleged therein are too remote, vague, indefinite, and uncertain. For, whether the damages claimed are as matter of law too remote to warrant the jury in allowing them will depend upon whether the plaintiff is able to show at the trial that they were the natural and proximate result of the breach of warranty in the sale of the said Paris green; and this question cannot be determined on demurrer. See *Leland* v. *Tousey*, 6 Hill (N. Y.), 328.

The argument adduced by defendants' counsel in support of this ground of his demurrer is as follows: "It is submitted that the failure of a proper crop of potatoes may be due to so many different causes that it cannot be predicated that the insufficient strength of a given quantity of Paris

green could be the proximate cause of the loss. The soil, the weather, the care and oversight exercised, are ever so much more important than the mere use of a specific drug or chemical to be used for the purpose of destroying bugs. The declaration does not aver, nor can it be asserted, that either one of the superior causes was not the effective cause of the loss of this crop." Very likely this argument might be properly and pertinently used before the jury in the trial of the case on its merits. But so long as we have only to do with the declaration before us, which alleges, as already suggested, that the damages complained of were sustained by the particular cause aforesaid, we cannot assume that they might have been sustained by the other causes referred to. Of course it cannot be said, as well argued by defendants' counsel, that the natural consequence of using Paris green upon potato-vines is that the planters will obtain a good crop of potatoes, or that the failure to use Paris green thereon will necessarily cause the loss of a potato crop. But while this is so, we cannot say that it may not be proved to the satisfaction of the jury in this case that the loss complained of was sustained in the manner alleged in said count; that is to say, solely by reason of the weakness and inefficiency of said drug. And if that fact be shown in connection with an express warranty that it was of sufficient strength and character to destroy said bugs, we cannot say that the case will not be made out.

In *Sunnyside Land Co.* v. *The Bridge Railway Co.*, 20 Ore. 544, the court say : "The complaint sets out a contract between the parties and avers a breach thereof by defendant. The demurrer admitting the truth of the complaint, the plaintiff is entitled to nominal damages, at least, and this is sufficient on demurrer."

(2)      In that case the defendant contended that the items of plaintiff's damages as stated were so speculative, remote, and uncertain as to form no basis for damages.

In Sutherland on Damages, vol. 1, § 417, it is laid down that "An erroneous claim of damages in a declaration does not make it demurrable; objection should be made to such claim on the trial." See also 5 Ency. Pl. & Pr. 704; *West-*

*ern Union* v. *Hopkins*, 49 Ind. 223; *Cowley* v. *Davidson,* 10 Minn. 392. In 8 Am. & Eng. Ency. of Law, 2d ed. 587, the law is stated as follows: "Where an article desired for a specific purpose known to the vendor is sold with a warranty that it is of a certain necessary quality which it is not, there may be a recovery not simply of the difference between the value of the article sold and its value as represented, but for any damage which naturally results from the contemplated use of the article sold."

In *Ferris* v. *Comstock*, 33 Conn. 513, it was held that the person to whom poor seed was sold ought to recover the value of his labor expended in preparing his ground for the receipt of the seed after deducting all general benefit to the land resulting from such labor; also the value of the labor expended in planting the seed and the sum of money paid in its purchase, together with the interest on the several amounts.

The case of *White* v. *Miller*, 71 N. Y. 118, was an action to recover damages sustained by reason of a breach of warranty made upon sale of a quantity of cabbage-seed. The seed turned out to be impure and not genuine seed of the variety warranted. The court allowed a recovery for the probable profits. "Gains prevented," said the court, "as well as losses sustained, may be recovered as damages for a breach of contract where they can be rendered reasonably certain by evidence and have naturally resulted from the breach. . . . The character of the season, whether favorable or unfavorable for production, the manner in which the plants set were cultivated, the condition of the ground, the results observed in the same vicinity where cabbages were planted under similar circumstances, the market value of Bristol cabbages when the crop matured, the value of the crop raised from the defective seeds; these and other circumstances may be shown to aid the jury and from which they can ascertain approximately the extent of the damages resulting from the loss of a crop of a particular kind."

*Jones* v. *George*, 56 Tex. 149, was a case where the declaration alleged a breach of warranty in the sale of Paris green;

and while it was there held that remote and speculative damages could not be recovered on account of the breach of such contract, yet plaintiff would be entitled to recover the actual expenses incurred in the purchase and application of the compound and the loss of time necessary therefor, together with every other element of actual damages which resulted to the plaintiff as a natural or legal sequence from the breach of the warranty. See also *Shaw* v. *Smith*, 45 Kan. 334; Hale on Damages (Hornbook Series), 248–9, and cases cited.

These cases seem to be similar in principle to the one before us, and to show that the damages alleged in said count are neither too remote nor too indefinite.

(3)     The demurrer to the first count must therefore be overruled.

The second count is clearly bad for ambiguity and uncertainty. It alleges that the defendants "expressly *or* impliedly warranted" that said Paris green would kill the potato-bugs on the plaintiff's growing potato-vines.

The primary rule of pleading is that it shall contain certainty. The allegations made should be definite, direct, and positive, and not in the alternative. The defendant is entitled to know from the declaration the particular nature and character of the charges which the plaintiff intends to rely upon, so that he may answer them intelligently and be prepared to meet them at the trial. And to allege that he either did one thing *or* another does not give him such information. In 6 Ency. of Pl. & Pr. 268, the law is well stated as follows: "A pleading is bad under any system of practice when it states material facts in the alternative, so that it is impossible to determine upon which of several equally substantial averments the pleader relies for the maintenance of his action or defence." See cases cited in notes.

As the second count is demurrable for the reason given, there is no occasion to consider the question of law relating to implied warranty which is discussed in the briefs of counsel.

Demurrer to second count sustained, and case remanded for further proceedings.

*Page & Page and Cushing,* for plaintiff.
*John P. Beagan,* for defendant.