## FRED BAUMGARTNER v. WILLIAM GLESENER.[1]

May 13, 1927.

No. 25,940.

**Breach of warranty of germinating test on sale of seed corn.**

In advertising seed corn for sale, the grower represented that 95 per cent of a tested portion of the seed had germinated. Relying on the representation, a farmer purchased and planted some of the corn. Much of the seed failed to germinate. The grower was sued for damages for breach of warranty. He admitted that he published the advertisement and testified that, when the sale was made, he told the buyer that the seed had been tested and that 80 per cent had germinated. The court instructed the jury that the corn was sold with a warranty as to its quality as seed. *Held*, that the instruction was proper; that the advertisement constituted an express warranty; that under section 15 of the uniform sales act (G. S. 1923, § 8390) there was also an implied warranty that the corn was reasonably fit for seed; and that, even though there was an express warranty, a warranty by implication was not excluded by reason thereof.

[1]Reported in 214 N. W. 27.

Sales, 35 Cyc. p. 386 n. 27; p. 392 n. 74; p. 409 n. 83.

See note in 37 L. R. A. (N. S.) 81; L. R. A. 1916C, 1012; 16 A. L. R. 866; 32 A. L. R. 1243; 24 R. C. L. 199; 4 R. C. L. Supp. 1532; 6 R. C. L. Supp. 1410.

Defendant appealed from an order of the district court for Renville county, Qvale, J., denying his motion for a new trial. Affirmed.

*E. Lindquist*, for appellant.

*Freeman & Smith*, for respondent.

LEES, C.

Respondent recovered a verdict in an action for damages for breach of warranty of seed corn grown and sold by appellant, who has appealed from an order denying a new trial.

In March and April, 1925, appellant published an advertisement in Renville county newspapers offering for sale Yellow Murdock 1923 seed corn and representing that the corn was graded, well acclimated to Renville county, and that its germinating test was 95 per cent. Respondent saw the advertisement, called on appellant, purchased some of the corn and planted it in a field of 30 acres, of which four acres were planted with seed corn respondent had grown and 26 acres with the corn sold by appellant.

Appellant testified that, prior to the date of the sale, he discovered that in some instances only 80 per cent of the corn germinated, that he did not change his advertisement but told those who came to buy that it tested as above stated; and that he gave respondent this information. This was flatly denied by respondent. The corn with which respondent planted four acres of the field was also of the Murdock variety and it had a germinating test of 85 per cent. The soil of the 30-acre field was of the same quality and the whole field was prepared for planting and planted in the same manner and on the same day. The whole field was cultivated alike and all the corn received the same care. The portion of the field planted with the seed purchased from appellant had a poor stand. Much of the seed failed to germinate and the yield was about half as much per acre

as the yield from the remainder of the field and from a larger field adjoining, which was also planted with respondent's seed corn.

The evidence showed that seed corn having a germinating test of much less than 95 per cent would have produced a much better stand and yield than respondent obtained. From land planted with his own seed corn he had a yield of 44 bushels an acre, while from similar land planted with the seed purchased from appellant the yield did not exceed 22 bushels an acre.

The court instructed the jury that the evidence showed conclusively that appellant warranted his corn to have a germinating test of either 95 or 80 per cent, the percentage depending on whether the jury believed or disbelieved appellant's testimony as to his conversation with respondent at the time of the sale. The giving of this instruction is assigned as error.

It is conceded that appellant did not warrant that any specific percentage of the corn would germinate when planted, and, citing Moorhead v. Minneapolis Seed Co. 139 Minn. 11, 165 N. W. 484, L. R. A. 1918C, 391, Ann. Cas. 1918E, 481, it is argued that the warranty had reference to a germinating test as distinguished from germinating power.

Appellant testified to the conversation with respondent at the time of the sale and argues that, if the jury believed the testimony, there was no warranty that when planted in a field any of the seed would germinate; hence that the instruction was erroneous.

The advertisement contained a positive affirmation as to the quality of the seed. It was made for the purpose of selling the corn, and was relied on by respondent. Appellant's testimony concerning the alleged conversation showed nothing more than a modification of the warranty contained in the advertisement, reducing the percentage ascertained by the germinating tests from 95 to 80.

According to the weight of authority, in the sale of seed necessarily intended for planting, a warranty will ordinarily be implied that the seed is reasonably fertile and will germinate if properly planted. G. B. Shaw & Co. v. Smith, 45 Kan. 334, 25 Pac. 886, 11 L. R. A. 681; Butler v. Moore, 68 Ga. 780, 45 Am. Rep. 508; Reiger v. Worth, 127 N. C. 230, 37 S. E. 217, 52 L. R. A. 362, 80 Am. St.

798; Ferris v. Comstock, Ferre & Co. 33 Conn. 513; Moore v. Koger, 113 Mo. App. 423. See also Shatto v. Abernethy, 35 Minn. 538, 29 N. W. 325.

The complaint alleges an express warranty, and, as a general rule, such a warranty excludes one by implication; but since the adoption of the uniform sales act, although an express warranty of quality be given, one not inconsistent with it may also be implied. Section 15, uniform sales act (G. S. 1923, § 8390); Kitowski v. Thompson Yards, Inc. 150 Minn. 436, 185 N. W. 504. See also Rinaldi v. Mohican Co. 225 N. Y. 70, 73, 121 N. E. 471.

There was both an express and an implied warranty of the seed corn, and there can be no doubt about the correctness of the instruction complained of.

Order affirmed.