# S. J. MAGISTAD v. ANDREW SCHOCH GROCERY COMPANY.[1]

May 10, 1929.

No. 27,349.

*Harold Harris*, for appellant.

No appearance or brief for respondent in this court.

PER CŪRIAM.

Action for an alleged balance of wages. The answer admitted the employment and alleged that at its termination the wages due were paid in cash in part and the balance in this manner: That plaintiff in the course of his employment drove one of defendant's trucks so negligently that it collided with an automobile on a public street, breaking and damaging it in the sum of $28.50; that plaintiff failed to pay the damage so done, though payment was demanded; and that the owner of the automobile demanded payment of defendant, threatening suit if not made, by reason whereof defendant was compelled to and did pay said sum to said owner. Plaintiff demurred to the answer. The demurrer was sustained. Defendant appealed.

Defendant was liable to the owner of the automobile for the damage caused thereto by the negligence of plaintiff while acting in the course of his employment. It can make no difference whether the servant in the course of his work by his failure to do it properly destroys or injures his master's property or destroys or injures that

[1]Reported in 225 N. W. 287.

of another who has recourse to the master, for in either event the master may hold the servant responsible. Defendant's cause of action arises out of the contract of employment "pleaded in the complaint as the foundation of plaintiff's claim." G. S. 1923 (2 Mason, 1927) § 9254(1). On the authority of Harlan v. St. P. M. & M. Ry. Co. 31 Minn. 427, 18 N. W. 147, the demurrer should be overruled.

The order is reversed.