## JEAN M. ALLEN v. FLORIDA & SOUTHERN DREDGING COMPANY.[1]

June 6, 1930.

No. 27,896.

O'Brien, Horn & Stringer, for appellant.

Simon Meyers and E. T. Chesnut, for respondent.

[1]Reported in 231 N. W. 204.

OLSEN, C.

Appeal by defendant from an order denying its alternative motion for judgment or a new trial.

Plaintiff is a consulting engineer residing in Chicago. He was employed by the defendant to examine a pumping plant used by it in dredging operations at the St. Paul airport and to plan improvements to make the pumping operation more adequate and efficient. He alleges in his complaint that he furnished services at the agreed price and reasonable value of $744.25 and advanced money for the defendant in the sum of $264.22, making a total of $1,008.47, and that only $200 has been paid, leaving $808.47 due and unpaid.

Defendant's answer is a general denial and a counterclaim for $874.36, hereinafter more fully stated. A second counterclaim was eliminated at the trial of which no complaint is made.

The trial resulted in a verdict for plaintiff for the amount claimed. Plaintiff testified that the agreement as to compensation was that he was to be paid $50 per day for his time, except that if there was more than four days' time spent by him in any one month the balance of the time in excess of four days in any one month was to be at $35 a day; that in addition thereto he was to be paid his traveling expenses and for draftsman's work at the rate of $2 per hour. He testified clearly and fully as to the time spent, the amount of traveling expenses, and the time and amount of the draftsman's work.

The counterclaim mentioned arose as follows: As a part of his employment plaintiff was to find and negotiate for the purchase of a pumping apparatus suitable for the dredging operation in which defendant was engaged. Plaintiff found a second-hand outfit of the kind, size and capacity required on a dredging boat in Florida. He reported by wire:

"Pump good general condition. Shell good but some pitting will need welding. Front and back liners and runner badly worn. Bearings good. Shaft good tho slightly worn in stuffing box. Electric equipment seems good. This pump with new liners and runner will do your job."

The pump was purchased. It was operated by electric current to a motor in the pumping apparatus. The apparatus was large, weighing over 20 tons. It was installed and, according to defendant's evidence, was run idle, without a load, for a day. The load was then put on, and a few minutes thereafter the motor burned out. Defendant had it repaired at a cost of $874.36, for which it interposes the counterclaim. The claim is that plaintiff was negligent in not properly inspecting the wiring and coils of the motor. Plaintiff was not present when the pumping machinery was started or when the fire occurred. He claims he was to be notified to be present but was not so notified. The wiring and coils were inclosed in the motor and could not be closely inspected without taking the motor apart. There were no facilities for testing the motor under load where it was located in Florida.

The question of plaintiff's negligence was submitted to the jury by instructions of which no complaint is made, and the jury by their verdict found against the defendant on the issue.

The assignments of error here are directed solely to the charge of the court and its failure to charge on other issues. The court charged the jury that if they found plaintiff was entitled to recover for his services and money advanced he would be entitled to recover the sum of $808.47 and interest. In other words, the court held that there was no question as to the agreed compensation, the amount of time spent by plaintiff, or the amount of disbursements made by him. We find no material dispute in the evidence on these issues. The defendant's officer, with whom the contract was made, did say in general terms that plaintiff "said his charges would be $50 a day for his services. However if he was employed for more than four days, his charge would be $35 a day." He said nothing about whether this referred to four days in one month or not and did not otherwise deny the testimony of plaintiff on that point. The witness further said that he had no recollection of authorizing plaintiff to make any drawings. This had reference to the charges for draftsman's work. It further appears that plaintiff sent to defendant statements of his charges and expenditures. He also sent drawings,

which defendant received and retained without objection. Defendant, after receiving plaintiff's several bills, wrote to plaintiff and made an objection to a charge of $75 in a June 1 statement for a day and a half, time spent by plaintiff in locating the pumping outfit, saying, "you surely did not spend that much time exclusively in locating the booster [pump]." The letter further requested plaintiff to give the dates of charges for seven and one-fourth days in a statement of July 2 "for the purpose of making entries in" defendant's books and to give information "upon what the draftsman worked 37 hours." There is no suggestion that the rate per day charged was incorrect or that the expenditures charged were not authorized. Plaintiff promptly answered the letter and gave all information requested. There is no other evidence sufficient to raise any question of fact as to the amount which plaintiff is entitled to for his services and expenditures. There was no error in failing to submit to the jury any question as to the time spent by plaintiff in performing his services, the agreed price or value thereof, or the amount of the expenditures made by him.

It is urged that the court erred in instructing the jury that, if they found plaintiff was negligent in the matter of inspection of the motor and such negligence was the proximate cause of the damage to defendant (the $874.36 paid by defendant for repairs), then the defendant was entitled to a verdict for the value of the repairs and the plaintiff entitled to nothing on account of his services and disbursements. In that connection it is argued that the court erred in failing to permit the jury to set off against the compensation the plaintiff was entitled to receive such damages, if any, as they found the defendant entitled to on account of the claimed negligence of plaintiff; that the court should have instructed the jury that if they found that plaintiff was negligent in the matter and thereby caused damage to defendant it should set off or deduct such damage from the amount plaintiff was entitled to recover for his services and expenditures. Defendant is correct as to the law. Harlan v. St. P. M. & M. Ry. Co. 31 Minn. 427, 18 N. W. 147; Townsend v. Minneapolis C. S. & F. Co. 46 Minn. 121, 48 N. W. 682; Magistad v.

Andrew Schoch Grocery Co. 177 Minn. 453, 225 N. W. 287. It does not follow that defendant is now entitled to a reversal. As stated, the court instructed the jury that if they found that plaintiff was negligent and thereby caused damage to defendant then defendant was entitled to a verdict for the full amount of such damages and plaintiff entitled to nothing, either as an offset thereto or otherwise. This was a more favorable charge than defendant was entitled to. It cannot now complain. The court having fairly submitted the question of plaintiff's claimed negligence to the jury and they having found against the defendant on that claim, we are bound thereby.

Defendant suggests that the jury may have been improperly influenced by this charge; that the jurors might believe that plaintiff had been negligent and caused damage to defendant, but might be unwilling to give defendant a verdict for such damages when they were not permitted to deduct therefrom the value of plaintiff's services and expenditures. There is nothing in the record to indicate that the jurors had any difficulty or were so influenced. If such a situation had arisen before them, we would rather expect the jury to come back into court for further instructions or for an explanation of the charge. We cannot speculate as to what the jurors thought about it and must presume that they followed the charge of the court and that they would as readily have returned a verdict for defendant if they believed plaintiff had been negligent and thereby caused damage to defendant.

Order affirmed.