# MIDLAND LUMBER & COAL COMPANY v. THOMAS BEAN AND OTHERS.[1]

June 6, 1930.

No. 27,965.

*Kingman, Cross, Morley & Cant* and *A. L. Beardsley,* for appellant.

*John J. Fahey,* for respondents.

TAYLOR, C.

Defendant Thomas Bean, who will be intended by the term defendant. when used herein, erected a dwelling house at Green Isle in Sibley county. He purchased the lumber therefor from plaintiff at its lumber yard at that place and specified fir for the studding,

[1]Reported in 231 N. W. 206.

sheathing, and subflooring. He employed a carpenter and contractor named Pinske to do the work. Plaintiff delivered the lumber at the building but delivered hemlock instead of fir for the studding, sheathing, and subflooring. After the building was completed and defendant had occupied it with his family, defects appeared. Defendant made a claim against Pinske on account of the defects. Pinske asserted that the defects were not caused by any fault on his part but by the shrinking of the hemlock lumber which had been used for studding, sheathing, and subflooring. Defendant testifies that this was the first information he had that any hemlock had been furnished or used.

Plaintiff filed a lien for a balance due on the purchase price of the lumber and brought this action to foreclose the lien. Defendant interposed an answer asserting that plaintiff had furnished lumber unfit for the purpose for which it was furnished and setting forth a counterclaim for damages. The court found that the hemlock lumber was not fit for the purpose for which it was furnished and that the defects in the building resulted from its use therein. The court further found that if the material furnished by plaintiff had been of the kind and quality agreed upon it would be of the value of $1,612.15 and that only $1,249.10 had been paid thereon. Therefore the balance due plaintiff under the contract was the sum of $363.05. The court further found that if the building had been constructed of the kind and quality of material agreed upon it would be of the value of $5,200; that in consequence of the inferior quality of the material furnished and used therein it was of the value of only $4,850; and that defendant had been damaged in the sum of $350 by the furnishing of the inferior material. The court directed judgment in favor of defendant and against plaintiff for the sum of $350 less an admitted item of $11.30. Plaintiff appealed from the judgment entered pursuant thereto.

Plaintiff attacks the finding that the defects in the building resulted from the furnishing and use of hemlock as not warranted by the evidence. Plaintiff showed that under the grading and classification rules of the West Coast Lumbermen's Association fir and

west coast hemlock were used interchangeably in the grades and classes of lumber here in question. Defendant however had no knowledge of these rules and had specified fir. Plaintiff also presented evidence to the effect that western hemlock shrunk no more than fir, if as much, and was fully as good as fir for the purpose for which it was used and that the defects in the building resulted from faulty construction. While this evidence is persuasive, we cannot say that the evidence presented by defendant to the contrary is not sufficient to sustain the finding, and therefore it must stand.

Plaintiff also urges that defendant waived any objection to the lumber by accepting and using it without giving any notice that it was not of the kind and quality specified. The court found that defendant had no knowledge that hemlock had been furnished or used until after the building had been completed. It could not be rejected then. It had become a constituent part of the building and must remain therein, and defendant was properly allowed damages for the defects resulting from its use. Kitowski v. Thompson Yards, Inc. 150 Minn. 436, 185 N. W. 504; Baumgartner v. Glesener, 171 Minn. 289, 214 N. W. 27.

The court found that the balance unpaid on the purchase price of the lumber was the sum of $363.05, that the damages resulting to defendant from the inferior quality of the lumber was the sum of $350, and, instead of offsetting the damages against the amount due plaintiff, rendered judgment against plaintiff for the amount of the damages less a small item growing out of another matter. The effect of the judgment is to give defendant the full amount of his damages and also to relieve him from payment of the balance due plaintiff. In short it will operate to give him more than double the amount of his damages. The amount allowed as damages must be offset against the amount due plaintiff, and judgment rendered for the balance in favor of plaintiff. Allen v. Florida & S. D. Co. 180 Minn. 514, 231 N. W. 204.

The judgment is reversed with directions to amend the conclusions of law and render judgment in accordance with the views expressed herein.