## DANUBE FARMERS ELEVATOR COMPANY v. HENRY A. MARQUARDT AND ANOTHER.[1]

May 8, 1936.

No. 30,823.

[1]Reported in 266 N. W. 878.

*Daly & Barnard* and *D. S. Lane,* for appellant.
*Lauerman & Pfeiffer,* for respondent.

HOLT, JUSTICE.

The appeal is from the order striking as sham and frivolous certain paragraphs from the answer. The complaint alleges that appellant was employed by plaintiff to operate its grain elevator at Danube, this state, and that while so employed he appropriated money and grain belonging to it of the value of $1,516.26, for which judgment is demanded. The original answer denied the misappropriation of either money or grain. Then in paragraph 7 appellant alleged that on June 2, 1934, plaintiff hired him for one year in the same work at a salary of $75 a month; that on June 20, 1934, without cause or reason, it discharged appellant under a claim that he was short in his account. In paragraph 8 appellant attempted to set out a counterclaim, but without naming it such. Therein it was averred that for 21 years he had managed grain elevators; that his honesty and integrity had never been questioned; that by reason of the false and malicious charges made by plaintiff against appellant he was unable to obtain work and for the whole period was able to earn only $75, and he has been damaged by loss of employment and salary in the sum of $600. And further that the false, slanderous, and malicious charges made by plaintiff against appellant prevented his obtaining a livelihood in the only occupation familiar to him, to his damage in the sum of $10,000. Plaintiff's demurrer to the eighth paragraph of the answer was sustained with leave to amend. The amended answer stated appellant's counterclaims in paragraphs 10 to 18, inclusive. There can be no doubt that in paragraphs 10 to 15, inclusive, a cause of action for breach of the contract of employment is stated. There is no showing that it is false. It certainly should not be stricken as frivolous if a cause of action is stated, even though not a proper counterclaim. But we think it is

a proper counterclaim. The complaint is for wrongful appropriation of plaintiff's money and property which came into appellant's possession as plaintiff's servant. It may be viewed as a breach of the contract of employment. The asserted counterclaim grows out of the same contract. It is based upon plaintiff's wrongful breach thereof. Magistad v. Andrew Schoch Grocery Co. 177 Minn. 453, 225 N. W. 287, is a case where a tort of the servant was held a proper counterclaim in his action for wages. It may be conceded that paragraphs 16 to 18, inclusive, of the amended answer do not state a cause of action, hence were properly stricken as frivolous. They virtually charge slander, but there are no allegations that the slander was uttered in the presence of anyone other than appellant.

Plaintiff relies on Clark v. Wilder, 157 Minn. 449, 196 N. W. 563. The facts there pleaded in the original as well as in each of the amended answers were held to constitute no defense, and hence the third amended answer was held properly stricken as frivolous. In Supornick v. National Council, 141 Minn. 306, 308, 170 N. W. 507, 508, where an order striking out an amended complaint was reversed, it was said:

"It may be conceded that if a party to whose pleading a demurrer is sustained again proposes the same pleading, or one with additions which are clearly immaterial, and thus makes unfair use of the leave to amend, his amended pleading, if the ends of justice are promoted thereby, may be stricken."

In the instant case the paragraphs stricken from the amended answer contained allegations essential to a cause of action not found in paragraph 8 in the original answer to which a demurrer was sustained. That paragraph contained no allegation that plaintiff employed appellant for a year at the salary of $75 per month, and that he had entered upon the employment when discharged without cause. The allegations in respect to the employment were in paragraph 7, not included in the demurrer. In other respects the counterclaim was not well expressed in the original answer and, perhaps, is still faulty. Yet there is, in paragraphs 10 to 15, inclusive, of the amended answer such a substantial and material addition to what was contained in the counterclaim attempted to be stated in

the eighth paragraph in the original answer that they should not be stricken as frivolous.

The order is reversed.

[1]Reported in 267 N. W. 206.