## TOMLINSON LUMBER SALES, INC. v. J. D. HARROLD COMPANY.

117 N. W. (2d) 203.

September 7, 1962—No. 38,408.

*Butchart, Fredin & Eaton,* for appellant.

*John M. Donovan* and *Palmer, Hood, Crassweller & McCarthy,* for respondent.

OTIS, JUSTICE.

Plaintiff asserts a cause of action for money due and owing from the sale of lumber furnished defendant for the construction of housing. Defendant counterclaims for breach of warranty and fraud. The jury awarded plaintiff $52,748.65, which was the precise balance plaintiff claimed. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appeals.

Defendant is a partnership which late in 1956 or early in 1957 contracted to erect 300 homes at Hoyt Lakes for Erie Mining Company at a cost exceeding $3,265,000. Having previously had extensive and apparently satisfactory dealings with plaintiff, defendant orally negotiated with plaintiff to provide necessary dimensional lumber for the project at a price of $108 per 1,000 feet. Specific deliveries were made pursuant to written purchase orders. Subject to the issues here involved, plaintiff did in fact furnish the lumber which was used in completing, by December 1957, defendant's contract for Erie Mining Company. Defendant was paid the contract price by Erie, and only

a nominal sum was withheld to apply on any adjustments which might be necessary for the period of a year. Defendant had paid plaintiff over $262,000 for material and freight up to October 15, 1957, (less than a month before the last delivery) when on December 31, 1957, it refused to make further payments on the balance of $52,748.65.

While defendant asserted before the trial court 45 grounds for granting its motion for judgment n. o. v. or a new trial and specifies 18 assignments of error on appeal, we will discuss only those issues argued extensively either orally or in the briefs.

■ Defendant first alleges that plaintiff willfully and intentionally deviated from the terms of its contract by supplying lumber from fir and larch of an inferior grade, in violation of the specifications calling only for Douglas fir; by failing to supply dry lumber; and by cutting 2-inch lumber to 1 and 9/16 inches instead of 1 and 5/8 inches as required.

Plaintiff introduced evidence to show that defendant waived its rights by failing to comply with the rules of the Western Pine Association requiring the purchaser to give 10 days' notice of any breach, and to hold the material 30 days for inspection. Failure to follow this procedure is deemed acceptance under the association's rules. In addition, there was testimony that one of defendant's partners examined and approved the disputed shipments after their delivery and before their use in the housing project.

Plaintiff further emphasizes the fact that not only has the Erie Mining Company paid defendant in full, but that it did so after a complete inspection of the finished buildings and its unqualified acceptance of them.

Nevertheless defendant contends plaintiff was a "willful transgressor" who may not have the benefit of the doctrine of substantial performance, and cites Ylijarvi v. Brockphaler, 213 Minn. 385, 7 N. W. (2d) 314, as controlling. In that case the trial court found that plaintiff had not performed his contract, that defendant refused to modify it, and that plaintiff in effect abandoned the project.

By way of contrast in the instant case, the trial court squarely submitted to the jury all of defendant's claims concerning plaintiff's failure

to perform according to contract, and the jury resolved all of those issues against defendant.

■ Defendant, asserts that the court erred in permitting the jury to award damages on the theory of quantum meruit, citing dictum in Schimmelpfennig v. Gaedke, 223 Minn. 542, 27 N. W. (2d) 416. The actual holding in that case reversed the lower court for failing to allow recovery on a quasi contract. However, defendant here is hardly in a position to complain about this part of the court's charge, since it was given in response to its own requested instruction which was as follows:

"The contract between the parties specified that framing lumber should be of a certain species and grade. Since plaintiff, at least in part, failed to comply with these requirements, it may not sue on the contract or recover the contract price. On the other hand the materials were not returned to plaintiff but were incorporated in the Hoyt Lakes houses of 1957. Plaintiff therefore has the right to recover that sum—equal to or less than the contract price—which represents the market value of the material in question."

The court granted the request as modified by the following language:

"* * * If the jury believes that the defendant has proved its claim by a fair preponderance of the evidence, then it will merely bring in a verdict for the reasonable market value of said lumber that the defendant used and will offset against this figure any damages that the defendant has proved as an offset against the amount which it paid the plaintiff for said lumber."

The issue of quantum meruit was litigated pursuant to pleadings which the court in its discretion had permitted plaintiff to amend. The question appears to be academic in any event since the amount of the verdict equaled the exact balance claimed under the contract. We find no error in allowing the amendment.

■ While defendant does not question the trade rules which ordinarily govern the parties in transactions of this kind, it invokes the doctrine announced in Midland Lbr. & Coal Co. v. Bean, 180 Minn. 531, 533,

231 N. W. 206, 207. There we held that a party not familiar with a lumber association's rules was not bound by them, and that it did not in any case waive its right to object if it was unaware of the breach of contract until construction was completed. Here, on the other hand, the evidence is undisputed that one of the defendant partners was entirely conversant with the applicable rules and even expressed an intent to invoke them. The evidence is compelling that defendant had full knowledge of the discrepancies in species and grade of which it complains, and the jury has found that no damages resulted therefrom. Under the circumstances it was proper to admit the rules into evidence, leaving to the jury the question of whether the parties contracted to be governed by them.

■ Defendant assigns as error the court's instructions on the issue of fraud, claiming they were inadequate to put before the jury the defendant's theory of the case, citing Luther v. Standard Conveyor Co. 252 Minn. 135, 89 N. W. (2d) 179. The court charged the jury as follows:

"It is further claimed by defendant that the plaintiff made false representation as to the quality, species, and grade of the lumber. In this case, the claimed false representation is not actionable unless the defendant acted upon such representation in reliance thereon.

"If a party, in this case, J. D. Harrold Company, makes an independent investigation of the facts and relies on its own investigation, it cannot recover for the alleged false representation."

While the charge is certainly not an exhaustive treatment of the subject, it does touch on all of the elements of fraud except that of damages. Under the peculiar circumstances of this case we are of the opinion that there was implicit in the jury's verdict a finding that defendant sustained no damages. The error, if any, was therefore harmless.

■ At the very close of a trial which had been in progress several weeks, defendant sought to amend its counterclaim to introduce evidence of damage to its reputation. Lowrey v. Dingmann, 251 Minn. 124, 86 N. W. (2d) 499. The motion was denied as untimely.

While pleadings may be freely amended when justice so requires under Rules 15.01 and 15.02, Rules of Civil Procedure, "[t]he liberal-

ity to be shown in the allowance of amendments depends in part upon the stage of the action." Dale v. Pushor, 246 Minn. 254, 262, 75 N. W. (2d) 595, 601. Here an issue which had not been pleaded or proved was injected into the case as a part of defendant's surrebuttal. Clearly there was no abuse of discretion on the part of the trial court in denying this belated motion. Webster v. Schwartz, 249 Minn. 224, 230, 81 N. W. (2d) 867, 872.

■ Finally, it is defendant's contention that plaintiff is not entitled to recover as a matter of law because of the evidence that plaintiff conspired with defendant to defraud Erie Company by mislabeling the kind and quality of lumber delivered. Here defendant finds itself precariously balanced on a tightrope, stoutly denying that it was a party to any fraud on the one hand, and vigorously urging that plaintiff is deemed to be a co-conspirator with defendant on the other hand. Whatever conflict there may have been in the testimony regarding the responsibility for, and effect of, improper invoicing of lumber, was laid to rest in plaintiff's favor by the verdict under a charge which correctly stated:

"If you find on the evidence that plaintiff, through its principal officer and through one of its partners, was engaged in a common enterprise to defraud Partridge Lakes Development Company or Erie Mining Company, then you will consider this case no further. Neither parties to a fraudulent enterprise can use the courts to adjust damages with a co-conspirator. Therefore, if you find a common scheme by these parties to use lumber in the Hoyt Lakes homes which did not meet the specifications of the housing contract, and to conceal this breach by the use of falsified documents, then you would award nothing to the plaintiff and nothing to the defendant."

■ We have considered the other assignments of error and find they do not merit extended discussion. They involve for the most part an exercise of the court's discretion in supervising the progress of the trial. However, with respect to the propriety of occasionally indulging in judicial levity, suffice it to say there is no mandate that judges shall always be "gratuitously dull" in discharging their duties. State v. Bryant, 97 Minn. 8, 105 N. W. 974.

Affirmed.