STATE v. WILLIAM C. REEVES.

187 N. W. (2d) 769.

June 11, 1971—No. 41941.

*Terrance S. O'Toole* and *Hamilton E. Cochrane,* for appellant.

*Warren Spannaus,* Attorney General, *James M. Kelley,* Assistant Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Rolloff, JJ.

PER CURIAM.

Defendant, William C. Reeves, appeals from a judgment of conviction on a charge of selling liquor to a minor person in violation of Minn. St. 340.73.[1] The only question for review is whether the evidence reasonably supports the verdict of the jury.

---

[1] Minn. St. 340.73 provides in part: "Subdivision 1. It shall be unlawful for any person, except a licensed pharmacist to sell, give, barter, furnish, deliver, or dispose of, in any manner, either directly or indirectly, any spirituous, vinous, malt, or fermented liquors in any quantity, for any purpose, whatever, to any minor person * * *.

\* \* \* \* \*

"Subd. 3. * * * Any person violating any of the provisions of this section is guilty of a gross misdemeanor."

The statute does not provide for a charge of anything other than a gross misdemeanor.

Minn. St. 340.942 provides that by way of defense in criminal prosecutions under § 340.73—

"* * * the defendant may establish by competent evidence that he has made a bona fide and careful investigation of the status of such person and he has determined upon evidence sufficient to convince a careful and prudent person that such sale is not a violation * * *; such evidence shall be considered in determining whether the defendant is guilty of intent to violate said laws."

It is unnecessary to detail the evidence bearing upon the charge brought by the state. It is sufficient to say that the circumstances under which the alleged offense was committed were such that the jury might well have found that defendant did in fact make a bona fide effort to investigate the "status" of the purchaser. It is not necessary for this court to consider whether the prosecution of defendant was necessarily in the best interests of society. It is significant that no claim is made that prejudicial error occurred. Defendant had a full opportunity to give the jury his version of what happened, and, after considering all the evidence, the jury obviously felt that the facts were not such as to warrant a careful and prudent person in making the sale charged. In the final analysis, a fact question was presented, and, under the circumstances, this court must conform to well-established rules of appellate review which require that we accept the evidence most favorable to the verdict and assume that the jury believed the state's witnesses and either disbelieved or discounted anything which was contrary thereo. State v. Collins, 276 Minn. 459, 150 N. W. (2d) 850, certiorari denied, 390 U. S. 960, 88 S. Ct. 1058, 19 L. ed. (2d) 1156.

Affirmed.