Delbert ENVALL, Appellant,

v.

**INDEPENDENT SCHOOL DISTRICT NO. 704, et al., Proctor Bus Drivers Association, et al., Respondents.**

**No. C9-86-1063.**

Court of Appeals of Minnesota.

Jan. 20, 1987.

Review Denied March 25, 1987.

Steven W. Schneider, Halverson, Watters, Bye, Downs & Maki, Ltd., Duluth, for appellant.

Terry C. Hallenbeck, Brown, Andrew, Hallenbeck, Signoreli & Zallar, P.A., Duluth, for Independent School District No. 704, et al.

Leo M. McDonnell, Bye, Boyd, Andresen & Sullivan, Duluth, for Proctor Bus Drivers Association, et al.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This matter arises from respondent school district's termination of appellant's employment in September of 1981. At that time, appellant initiated a grievance with the bus drivers' association which was unanimously denied by the grievance committee. Appellant then brought a motion

to compel arbitration. Prior to the motion hearing, the parties agreed to submit the matter to arbitration including the issue of arbitrability. The arbitrator determined that the dispute was not arbitrable. Appellant's subsequent motions for modification and vacation of the arbitrator's opinion and award and to compel arbitration were denied by the trial court in 1983 and never appealed.

In March of 1986 the trial court granted respondents' motion for summary judgment and denied appellant's motion to amend his complaint. Appeal is taken from those judgments. We affirm.

## FACTS

Appellant had been employed as a bus driver by the respondent school district for 14 years prior to September 14, 1981. In this capacity he was a member of the local bargaining group which represented bus drivers employed by the district. As a result of a decertification election in June of 1981, the bargaining unit lost its position as the exclusive representative of the bus drivers. At that time the Minnesota Bureau of Mediation Services issued an order finding that there was no certified bargaining representative of the bus drivers for one year from the date of the election.

Subsequently, several bus drivers formed the respondent Proctor Bus Drivers Association ("association"), and negotiated a two year employment contract with the district. The contract identified the association as the exclusive representative of the Proctor bus drivers, and included a provision stating that employees would be dismissed only "for cause." The contract did not contain a specific grievance or arbitration procedure for employees. Appellant was not a member of the association and did not participate in any way in the association's activities.

By letter dated September 14, 1981, the district informed appellant that his employment was being terminated. In connection with this notice of termination, appellant requested that the association process his grievance. After an investigation into the matter, in which appellant declined to participate, the association denied that request.

Appellant then initiated the present lawsuit and moved to compel arbitration. In support of the motion, appellant argued that although there was no compulsory arbitration clause contained in the employment contract between the association and the district, such a provision was implied as a matter of law pursuant to the Minnesota Public Employer's Relations Act, § 179.70, subd. 1 (1980). Prior to a hearing on the motion, however, the parties agreed to submit the matter to arbitration, including the issue of arbitrability. The arbitrator determined that since appellant was not a member of the association, he was not a party to the employment contract, and thus the parties could proceed to arbitration only if the district voluntarily agreed to do so.

Appellant subsequently moved the trial court for an order vacating the arbitrator's decision and compelling arbitration. On September 20, 1983, the trial court confirmed the findings of the arbitrator and issued an order denying appellant's motion. Appellant did not appeal that order.

In March of 1986, respondents moved the trial court for summary judgment and appellant moved to amend his complaint to more particularly allege certain claims. The trial court denied appellant's motion to amend his complaint, finding that it was simply an attempted "rehash" of the original complaint. The court granted respondents summary judgment, finding that it had been previously determined that appellant was not a party to the contract and that, in any event, he had been discharged for cause.

Envall appeals from the trial court's judgments, arguing that the trial court's affirmance of the arbitration award was error and deprived him of his right to independent judicial review, that there was a compulsory arbitration clause in the employment contract implied as a matter of law, that respondents are estopped from denying that the contract applied to appel-

lant, and that the trial court's failure to allow appellant to amend his complaint was an abuse of discretion.

## ISSUES

1. Did the trial court err in granting respondents summary judgment based on a determination that the facts as previously determined decided the matter?

2. Did the trial court abuse its discretion by refusing to allow appellant to amend his complaint based on a determination that it was merely a reiteration of the original complaint?

## ANALYSIS

On appeal, appellant focuses his argument around issues of arbitrability. The issue of arbitrability was previously litigated and determined and, although appealable, was never appealed. Consequently, that issue and the fact issues necessarily related to that determination have been conclusively adjudicated and need not be considered again by this court. *Messinger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912); *Atwood v. Holmes*, 229 Minn. 37, 38, 38 N.W.2d 62, 65 (1949). The only issues on appeal, then, involve the granting of respondents' motion for summary judgment and the denial of appellant's motion to amend his complaint.

### I.

If there are no material facts in dispute and the trial court correctly applied the law, the trial court's granting of summary judgment will be affirmed. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

On appeal, appellant proffers two disputed fact issues: 1) the existence of a compulsory arbitration clause in the employment contract between the association and the district; and 2) appellant's inclusion under the terms of the contract.

As stated previously, these factual disputes were finally determined as a necessary part of the trial court's order regarding nonarbitrability of this dispute, and

thus were no longer at issue at the time respondents moved for summary judgment. The trial court had previously determined in its order affirming the arbitrator's decision, that since appellant was not a member of the association he was not a party to the employment contract between the association and the district, so that even if inclusion of an arbitration clause in the contract were mandated, such a clause would not apply to appellant. Therefore, since the only facts in dispute were previously determined by the trial court's order, the question before this court is whether the trial court correctly applied the law in determining that appellant had no standing to assert rights under the contract, and consequently had no claim against respondents.

Initially, to establish standing to bring an action, a party must show some personal stake in the outcome of the controversy to assure adverseness and injury or threat of injury to a legally recognized, rather than personal, interest. *Flast v. Cohen*, 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1942). Here, since it was previously determined that appellant was not a party to the contract, a determination on the issues of whether the contract violated certain provisions of PELRA or whether respondents breached the employment contract would not affect appellant, and therefore he had no standing to assert such claims. It follows from the fact that appellant was not a party to the employment contract, that his term of employment was indefinite and he was subject to termination at the will of his employer. *Pine River State Bank v. Mettille*, 333 N.W.2d 622, 627 (Minn.1983); *Cederstrand v. Lutheran Brotherhood*, 263 Minn. 520, 532, 117 N.W.2d 213, 221 (1962). Following the well established rule that an at-will employee can be summarily dismissed for any reason or no reason, respondent was not required to provide reasons or justification for appellant's dismissal. *Pine River*, 333 N.W.2d at 627. Appellant thus has no claim for wrongful termination.

## II.

Rule 15.01, Minn.R.Civ.P., authorizes the trial court to liberally grant leave to amend pleadings "when justice so requires." Ordinarily, unless a party opposing an amendment can establish some prejudice other than merely having to defend against an additional claim or defense, an amendment will be allowed. *Hughes v. Micka,* 269 Minn. 268, 275, 130 N.W.2d 505, 510 (1964). However, there are other factors the court may consider in deciding whether an amendment should be allowed, such as the stage of the proceedings. *Tomlinson Lumber Sales, Inc. v. J.D. Harrold Co.,* 263 Minn. 470, 475, 117 N.W.2d 203, 207 (1962). If substantial delay will result, an amendment may be denied. *Hughes,* 269 Minn. at 275–76, 130 N.W.2d at 510. An amendment may also be denied if it will accomplish nothing, such as when the amendment does not state a cognizable legal claim. *Eisert v. Greenberg Roofing and Sheet Metal Co.,* 314 N.W.2d 226, 228–29 (Minn.1982). The Minnesota Supreme Court has held that the action of the trial court in granting or denying a motion for amendment will not be reversed except for a clear abuse of discretion. *LaSalle Cartage Co. v. Johnson Bros. Wholesale Liquor Co.,* 302 Minn. 351, 357–78, 225 N.W.2d 233, 238 (1974).

In this case the trial court indicated two reasons for denying appellant's motion to amend his complaint: One, the amendment served no useful purpose because it was simply a "rehash" of the original complaint, and two, the amendment stated claims that appellant had no standing to assert. In appellant's proposed amended complaint, additional counts allege wrongful termination in violation of the employment contract. These new claims allege violations of rights under a contract to which it was previously determined appellant was not a party. The amended complaint thus served no useful purpose other than to restate and reargue positions previously determined in the 1983 motion to vacate the arbitrator's award.

## DECISION

The trial court properly granted respondents' motion for summary judgment when factual disputes previously determined led to the conclusion that appellant was an at-will employee and had no standing to assert violations of a contract to which he was not a party. Prior rulings on issues of arbitrability established certain facts which cannot be relitigated or disputed on this appeal. Applying the law of standing and particularly the law of at-will employment to the facts of this case, as previously established, the trial court properly granted respondents summary judgment.

Additionally, it was not an abuse of the trial court's broad grant of discretion to deny appellant's request to amend his complaint when it served no useful purpose.

Affirmed.