**STATE of Minnesota, Respondent,**

v.

**John Norbert NEISEN, Appellant.**

**No. CX–86–1749.**

Court of Appeals of Minnesota.

April 7, 1987.

Review Granted May 28, 1987.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Thomas C. McCarthy, Sibley Co. Atty., Winthrop, for respondent.

Stephen Patrick Doyle, Doyle & Michales, Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and PARKER and LESLIE, JJ.

## OPINION

PARKER, Judge.

A bar owner prosecuted for selling beer to minors was denied a jury instruction on the defense of having made a bona fide and careful investigation of the age of the purchaser. The jury found him guilty, and he appeals from denial of his motion for acquittal notwithstanding the verdict or a new trial. We affirm.

## FACTS

John Neisen, age 21, owns a bar in Henderson, Minnesota. At about 9:00 p.m. on January 3, 1986, three teenagers drove to the bar to buy some beer. Timothy Campbell (age 17) waited in the truck while Lisa Bode (age 18) and Kathy Glieden (age 17) went in to make the purchase. Bode asked for two cases of beer, and Neisen immediately went to the cooler in the back room. As he approached the bar with the beer, he was stopped by another customer who told him the young women were minors. Witnesses verified that Neisen then asked Bode for some identification and that Bode produced a plastic card. Neisen testified that it showed her date of birth as 1962, which would have made Bode about 24 years old.

After completion of the purchase, Bode and Glieden put the beer in the back of the truck and the three teenagers drove away. About 15 minutes later they were stopped by the Henderson Chief of Police, who had seen the two women leave the bar with the beer. The Chief then issued citations, confiscated the beer, and returned to Neisen's bar.

Neisen admitted to the Chief that he had sold the beer to the two young women, saying that one of them had produced identification showing that she was born in 1962. After the bar closed, the Chief returned and issued Neisen a citation for selling alcoholic beverages to a minor in violation of Minn.Stat. § 340A.503, subd. 2(1) (Supp.1985), which provides that "[i]t is unlawful for any person * * * to sell, barter, furnish, or give alcoholic beverages to a person under 21 years of age * * *."

At trial there was no real issue as to whether Neisen had sold the beer to the minors. At a midtrial hearing there was a discussion about the repeal of the statutory

defense formerly contained in Minn.Stat. § 340.942 (1984) (repealed in 1985 Minn. Laws ch. 305, Art. 13, § 1), which provided:

In any criminal proceeding for the enforcement of the provisions of sections * * * relating to the sale or furnishing of non-intoxicating malt liquor or intoxicating liquor to the persons described therein, the defendant may establish by competent evidence that he has made a bona fide and careful investigation of the status of such person and he has determined upon evidence sufficient to convince a careful and prudent person that such sale is not a violation of said sections; such evidence shall be considered in determining whether the defendant is guilty of intent to violate said laws.

(Citations omitted).

The trial court expressed its view that there should be such a defense and that the legislature had made the statute confusing by repealing the defense under Minn.Stat. § 340.942 (1984) and then adding subdivision 5 to Minn.Stat. § 340A.503 (Supp. 1985), which makes it a crime for a minor to misrepresent his or her age in order to purchase alcoholic beverages. The court then granted Neisen's request to include subdivision 5 in the jury instructions as well as the State's request to include Minn. Stat. § 340A.503, subd. 6 (Supp.1985), which provides that proof of age may be established only by a valid driver's license or Minnesota identification card or, in case of a foreign national, a valid passport. Neither party made any objection.

At the end of trial Neisen asked for a jury instruction that "if you find that the defendant properly identified Lisa Bode as being in excess of 19 years of age you must find that he is not guilty." The trial court denied this request, repeating that it would add subdivisions 5 and 6 and let the two attorneys argue their effect on the statute. Again, no objection was made.

Accordingly, the jury was instructed as follows:

The statutes of the State of Minnesota provide that whoever sells, barters, furnishes or gives alcoholic beverage to a person under 19 years of age is guilty of a crime.

The elements of that crime, providing liquor to a person under the age of 19, are these: First of all, that the defendant sold alcoholic beverages; secondly, the person to whom the defendant sold the alcoholic beverages was a person under the age of 19; and, third, that the defendant's act took place on or about January 3rd, 1986, in the County of Sibley, State of Minnesota. If you find that each of these three elements has been proved beyond a reasonable doubt, the defendant is guilty of providing liquor to a person under the age of 19. If you find that any of these elements has not been so proved, the defendant is not guilty.

It is also the law of the State of Minnesota that it is unlawful for a person under the age of 19 years to misrepresent his or her age for the purpose of purchasing alcoholic beverages. And it is also the law of the State of Minnesota that proof of age for purchasing or consuming alcoholic beverages may be established only by a valid driver's license or a Minnesota identification card or in the case of a foreign national by a valid passport.

The jury found Neisen guilty of selling beer to a minor and the trial court imposed a six-month sentence, which was stayed pending this appeal.

### ISSUE

Did the trial court err in refusing to instruct on the "carding defense?"

### DISCUSSION

■ The legislature has repealed Minn. Stat. § 340.942 (1984), which created the defense of "carding," or making a bona fide and careful investigation as to the age of a purchaser of alcoholic beverages. 1985 Minn. Laws ch. 305, Art. 13, § 1. As a result, one who sells liquor to a minor is strictly liable.

The trial court was correct in determining that it was not at liberty to ignore the

explicit repeal and had no option but to submit the case without an instruction embodying the "carding defense." In allowing evidence that Neisen carded Bode and in allowing trial counsel to argue the issue, the court went as far as it could. Nor can this court supply that which the legislature intentionally or negligently omits.

Neisen claims the legislative intent is unclear—that the addition of subdivision 6, specifying the way age may be proved, renders the statute ambiguous. However anomolous the addition of subdivision 6, we do not agree that it renders the statute ambiguous, and we therefore do not reach the question of legislative intent. *See* Minn.Stat. § 645.16 (1986) ("When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.")

Neisen claims the statute, as presently constituted, is unreasonable and unfair. The trial court recognized, as do we, that the result under the present law may often seem harsh. In this case, despite the testimony of several witnesses that Neisen did in fact card Bode, he is strictly liable and has been sentenced to six months in jail, stayed pending this appeal. However, it is within the legislature's power to impose strict liability in criminal statutes. *See, e.g.,* Minn.Stat. § 609.343, subd. 1(a) (Supp. 1985) (mistake as to age is no defense to criminal sexual conduct where complainant is under 13 years of age and actor is more than 36 months older than complainant). There has been no claim in this case that the liquor sales legislation, as it presently exists, is unconstitutional. The question of unreasonableness, or unfairness, is one that must be addressed to the legislature. Indeed, because the consequences of this statute are so harsh, the legislature may wish to reexamine it.

Neisen also claims the instructions as given, including subdivisions 5 and 6, were ambiguous and confusing. However, no such objection was raised in the trial court prior to withdrawal of the jury, and therefore it cannot be considered on appeal. *See* Minn.R.Crim.P. 26.03, subd. 18(3) ("No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict.")

In light of our holding, we do not reach the issue of whether the evidence was sufficient to prove that Neisen did not conduct a bona fide and careful investigation of Bode's age. Under the present statute, such a question is irrelevant.

## DECISION

Affirmed.