STATE of Minnesota, Respondent,

v.

John Norbert NEISEN,
Petitioner, Appellant.

No. CX–86–1749.

Supreme Court of Minnesota.

Nov. 13, 1987.

Steven Patrick Doyle, Minneapolis, for appellant.

Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, Thomas C. McCarthy, Sibley Co. Atty., Winthrop, for respondent.

SIMONETT, Justice.

We reverse defendant-appellant's conviction for selling intoxicating liquor to a person under 19 years of age, and remand for a new trial with instructions on the affirmative defense of defendant's good faith in ascertaining the age of the purchaser.

Defendant John Norbert Neisen, owner of Neisen's Bar, was found guilty by a jury of selling intoxicating liquor to Lisa Bode, age 18, and sentenced to 6 months in jail, with execution stayed pending appeal. The court of appeals affirmed defendant's conviction. *State v. Neisen*, 403 N.W.2d 331 (Minn.App.1987). We granted defendant's petition for further review.

It is undisputed that defendant Neisen sold two cases of beer to Bode. Neisen testified, however, that before selling the beer he requested that Bode produce identification and that she showed him a plastic card, which seemed to be a driver's license showing 1962 as the date of birth. Six patrons in the bar confirmed that Bode had shown Neisen a card when he requested identification. Indeed, it was because one of these six patrons had suggested to Neisen that the purchaser might be underage that he asked for identification. Neisen, who is 21 years old, said he was embarrassed after questioning Bode because "she was older than me." Bode, on the other hand, could not remember whether she had showed Neisen any identification but testified the only identification she had with her was her valid driver's license (showing she was under 19) and a school identification card.

Defendant requested an instruction, in accordance with M–JIG 1.27 (1986), that a liquor vendor's good faith attempt to ascertain a customer's age by demanding proof of age is a defense to the crime charged.

The state objected, contending that current Minnesota law no longer has a "carding" defense. The trial court agreed with the state, observing that Minn.Stat. § 340A.503 (1986), the statute under which Niesen was charged, contains no language that explicitly provides for a carding defense. The statute does, however, contain a subdivision making the purchase of liquor by underage persons illegal (subdivision 5), and another provision specifying how proof of age for purchasing liquor may be established (subdivision 6). The trial judge, troubled by the drafting of the statute, felt he had no choice but to deny the requested instruction, but did agree to read subdivisions 5 and 6 of the statute to the jury and to allow counsel to argue both the legal relevance and factual merits of "carding."

The court of appeals agreed that the statute did not permit a carding defense. In reading to the jury subdivisions 5 and 6 of section 340A.503 and allowing counsel to argue carding, the trial court, said the court of appeals, "went as far as it could." *Neisen*, 403 N.W.2d at 334. The appeals court thought subdivision 6 an "anomaly" and commented that "because the consequences of this statute are so harsh, the legislature may wish to reexamine it." *Id.*

Thus the court of appeals held Minn.Stat. § 340A.503 to be a strict liability statute. The parties argue whether a strict liability offense for selling liquor to minors is constitutional, but we need not reach this question.

The dispositive issue, as we see it, is one of statutory construction and legislative intent, namely, whether the legislature intended, in its enactment of Minn.Stat. § 340A.503 (1986), to deprive an accused of the affirmative defense that he or she had determined the purchaser's age by examining the purchaser's driver's license or identification card.

To understand the issue before us, it is necessary to trace the legislative history of the statutory offense of selling liquor to minors. The crime was formerly set out in Minn.Stat. § 340.73, subd. 1 (1984), which made it unlawful for anyone but a licensed

pharmacist to sell liquor to any minor person, or to any intoxicated person, or to any public prostitute. *See also* R.L. 1905 § 1534. The Attorney General, in a 1936 opinion, interpreted this crime as it appeared in 1933–34 Minn.Extra Sess.Laws ch. 46 as a strict liability offense. *See* Minn.Op.Att'y Gen. No. 302 (1936).

In 1957 the legislature enacted a good faith investigation provision, which it curiously denominated "a rule of evidence." *See* 1957 Minn.Laws ch. 823 ("An act establishing a rule of evidence in criminal proceedings * * *"). This provision, codified at Minn.Stat. § 340.942 (1984), provided that in any prosecution for violating section 340.73 and other sections relating to the sale of liquor to various persons, the defendant

> may establish by competent evidence that he has made a bona fide and careful investigation of the status of such person and he has determined upon evidence sufficient to convince a careful and prudent person that such sale is not a violation of said sections; such evidence shall be considered in determining whether the defendant is guilty of intent to violate said laws.

We might pause at this point to note that under the statutes existing in 1957, for the state to prove the criminal offense of selling liquor to a minor, it was required to prove that liquor was sold by the defendant; that the sale was to a person underage; and that the sale occurred on the date and in the county alleged. Indeed, this is still the law today. In other words, the state does not have to prove the defendant knew the purchaser was underage. But from 1957, and for the next 28 years to 1985, the statutory scheme expressly provided that a defendant, as an affirmative defense, could escape criminal liability by proving the sale was made only after a good faith investigation of the purchaser's age. *See State v. Reeves*, 290 Minn. 529, 187 N.W.2d 769 (1971).

In 1973, when the legislature changed the age of majority from 21 to 18, it added

a proof of age provision, codified at Minn. Stat. § 340.039 (1984), which stated:

> Proof of age for purposes of consuming, purchasing, or possessing an alcoholic beverage, the consumption, sale, or possession of which is regulated by age, may only be established by a valid driver's license or a current nonqualification certificate issued pursuant to Minnesota Statutes 1971, Section 171.07.

1973 Minn.Laws ch. 725, § 90.

This section was to be read in tandem with section 340.942. In effect, this new "carding" provision served to narrow the good faith investigation defense in sales to minors to a good faith investigation consisting "only" of an examination of a purchaser's driver's license or identification card. As to other illegal liquor sales—for example, to an obviously intoxicated person—the good faith investigation defense remained the same, namely, establishing by *any competent evidence* "sufficient to convince a careful and prudent person that such sale is not a violation * * *." Minn. Stat. § 340.942 (1984).

In 1985 the legislature cleared the board, repealing all of the above statutes and substituting the law now current. *See* 1985 Minn.Laws ch. 305, art. 13, § 1.[1] The 1985 law, codified at section 340A.503 (1986), provides in relevant part:

> Subd. 2. **Purchasing.** It is unlawful for any person:
> (1) to sell, barter, furnish or give alcoholic beverages to a person under 19 years of age * * *;
> (2) under the age of 19 years to purchase or attempt to purchase any alcoholic beverage; * * *
> *  *  *  *  *  *.
>
> Subd. 5. **Misrepresentation of Age.** It is unlawful for a person under the age of 19 years to misrepresent his or her age for the purpose of purchasing alcoholic beverages.
> Subd. 6. **Proof of Age.** Proof of age for purchasing or consuming alcoholic beverages may be established only by a

---

**1.** In 1986 the legislature changed the minimum age for purchase or consumption of alcoholic beverages from 19 years to 21. *See* 1986 Minn. Laws ch. 330, § 6.

valid driver's license or Minnesota identification card, or in the case of a foreign national by a valid passport.

How, then, is the current statutory scheme to be understood? While the "bona fide investigation" provision has been dropped, the 1985 statute in subdivision 6 not only retains the "proof of age" provision, but actually improves on it. The non-qualification certificate is deleted, but a Minnesota identification card and, for foreign nationals, a passport are added. If the legislature intended to repeal the carding defense, the question then arises why the proof of age provision was retained and clarified. Why, if there was no carding defense, speak of cards at all? The state suggests subdivision 6 was retained as a guide for liquor vendors in selling to their customers. But if there is strict liability for vendors, why offer advice on the use of cards which, at best, is gratuitous and, at worst, meaningless? It would seem that, by dropping the "bona fide investigation" provision, the legislature intended to remove that defense for sales other than to minors, but, by retaining the proof of age by card provision, intended to keep the "carding" defense for sales to persons underage.

We have, then, an ambiguity in the current statute. In resolving the ambiguity, we are guided by the legislature's rules for ascertaining its intent. We consider, among other things, the former law on the subject and the consequences of a particular interpretation. Minn.Stat. § 645.16 (1986). We must keep in mind, too, that the legislature does not intend an unreasonable result and that the legislature intends an entire statute to be effective and certain. Minn.Stat. § 645.17 (1986). Finally, we are guided by the public policy that if criminal liability, particularly gross misdemeanor or felony liability, is to be imposed for conduct unaccompanied by fault, the legislative intent to do so should be clear. *See* W. LaFave and A. Scott, *Criminal Law* 219–21 (1972).

With all these factors in mind, we conclude that the legislature by retaining subdivision 6 on proof of age intended to preserve the carding defense. The history and language of the current and former statutes convince us that, as in other provisos exempting defendant from strict criminal liability, the legislature intended the defendant to carry the burdens of production and persuasion with regard to the defense. *See generally* W. LaFave and A. Scott, *Criminal Law* 152–55 (1972). We hold, therefore, that in a prosecution for a liquor sale to an underage person under Minn. Stat. § 340A.503 (1986), it is a defense for the defendant to prove by a preponderance of the evidence that he or she, in making the sale, relied on one of the forms of age identification described in subdivision 6, and that such reliance was justified, undertaken prudently and carefully, and was in good faith.

Subdivision 6 refers to a driver's license, an identification card, and a passport that are "valid." Construed literally, if an underage purchaser presents a valid driver's license, *i.e.*, the purchaser's own license showing the purchaser to be underage, there would either be no sale and no need for the carding defense, or if the sale were nevertheless made, the carding defense would be of no avail. It seems to us, if subdivision 6 is read in light of former section 340.942, as it should be, that the term "valid driver's license" means a license that would convince a careful and prudent person that it is valid.

In this case, defendant was entitled to a jury instruction on the carding defense. We reverse the conviction and remand for a new trial under appropriate jury instructions.

Reversed.

SCOTT, J., took no part in the consideration or decision of this case.