Yinsog RHEE, et al., Appellants,

v.

GOLDEN HOME BUILDERS,
INC., Respondent,

Does 1 through 5, inclusive,
Defendants.

Golden Home Builders, Inc., Defendant
and Third–Party Plaintiff,

v.

Alan Henderson, d/b/a Progressive
Stucco, Defendant and Third
Party Defendant.

No. C4–00–376.

Court of Appeals of Minnesota.

Oct. 10, 2000.

Robert L. Weiner, Minneapolis, MN (for appellants)

Gregory A. Lang, Gregory A. Lang, P.A., Minnetonka, MN (for respondent)

Considered and decided by SHUMAKER, Presiding Judge, ANDERSON, Judge, and PARKER, Judge.*

## OPINION

SHUMAKER, Judge

The owners of a newly constructed home observed leakage from the floors and windows during heavy rains. They complained to the builder, who made repeated assurances that the defect would be repaired and tried unsuccessfully for several years to repair the problem.

When the owners sued the builder, the district court allowed the builder, without prior notice to the owners, to amend the answer so as to assert a statute-of-limitations defense. The court then granted summary judgment, ruling that the statute of limitations had expired before the owners initiated their lawsuit. The court rejected the owners' arguments that equitable estoppel applied and that some repairs were in fact improvements that triggered new limitations periods. The owners appealed.

## FACTS

Appellants Yinsog and Kyung Rhee bought a newly constructed home from respondent Golden Home Builders, Inc., in December 1993. In the spring of 1994, the Rhees discovered water leaking through the walls and floors during heavy rains and they notified Golden.

Golden assured the Rhees that the problem would be fixed. Beginning in the spring of 1994 and continuing until 1998, Golden made numerous unsuccessful repair attempts and repeatedly told the Rhees that eventually the problem would be solved.

Because the leakage continued despite the repair efforts, the Rhees initiated a

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

lawsuit against Golden on December 3, 1998. Golden answered but did not raise the statute of limitations as a defense. Golden impleaded the stucco subcontractor, Alan Henderson d/b/a Progressive Stucco. Henderson asserted the statute of limitations as a defense.

Golden and Henderson moved for summary judgment. At the October 11, 1999, motion hearing, Golden orally moved to amend its answer to assert a statute-of-limitations defense. The Rhees objected, arguing that they had no notice that Golden would make the motion and no opportunity to prepare a response, and that the motion was untimely and prejudicial.

The district court granted Golden's motion to amend and then granted summary judgment in favor of Golden and Henderson on the ground that the statute of limitations had expired prior to the commencement of the action. The court also ruled that estoppel did not apply, saying

> [appellants] here were well aware of the failure of the repair efforts before the statute of limitations period expired. Further, [appellants] were aware after assurances of repair were given that the water leakage continued. Estoppel is not appropriate in this situation.

Finally, the court ruled that the repairs done by Golden and Henderson from 1996 to 1998 did not trigger a new statute of limitations period. The Rhees appeal from summary judgment.

## ISSUES

1. Does the district court abuse its discretion by allowing a party to amend its answer so as to assert an affirmative defense that disposes of the action, when the motion to amend is oral and without prior notice, and when the opposing party is not allowed a reasonable opportunity to respond?

Minn. Const. art. VI, § 10.

2. Homeowners complained of a defect in their home that caused water leakage. The home builder made many attempts to repair the defect and repeatedly assured the homeowners that it would be remedied. The homeowners contend that they relied on the builder's assurances and conduct and failed to initiate a lawsuit within the limitations period. Have the homeowners raised a genuine issue of material fact as to whether the builder is equitably estopped from asserting a statute-of-limitations defense?

3. Does a court make a factual finding by ruling that a builder's efforts to remedy a construction defect were "repairs" rather than "improvements"?

## ANALYSIS

### Amendment of Answer

■ The statute of limitations is an affirmative defense. Minn. R. Civ. P. 8.03. An affirmative defense must be pleaded specifically and the failure to do so results in a waiver of the defense. *Melbo v. Rinn*, 280 Minn. 72, 75, 157 N.W.2d 842, 845 (1968). Pleadings may be amended to assert an affirmative defense. *Rehberger v. Project Plumbing Co.*, 295 Minn. 577, 578, 205 N.W.2d 126, 127 (1973); *Wagner v. Schwegmann's S. Town Liquor, Inc.*, 485 N.W.2d 730 (Minn.App.1992), *review denied* (July 16, 1992). Ordinarily, amendments to pleadings should be freely granted except when prejudice would result to the other party. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). We will not reverse a decision to allow the amendment of a pleading absent a clear abuse of discretion. *Warrick v. Giron*, 290 N.W.2d 166, 169 (Minn.1980).

Minn. R. Civ. P. 15.01 authorizes the court to allow an amendment to the pleadings "when justice so requires." The rule gives no time limit for bringing or responding to a motion to amend pleadings. But Minn. Gen. R.P. 115.04(a) requires 14 days' advance notice to the opposing party.

No motion shall be heard until the moving party serves a copy of [the appropriate papers] on the other party * * * at least 14 days prior to the hearing * * *.

Minn. Gen. R.P. 115.04(b) contemplates a response to the motion and sets time limits for serving and filing responsive papers.

■ Although the district court has discretion to modify the time limits in rules 115.04(a) and (b), here the court simply allowed Golden to ignore the rules altogether. Without prior notice, the Rhees had only an opportunity to fashion whatever impromptu response they could to a motion that would dispose of the entire lawsuit. We believe the Rhees were unfairly prejudiced by the court's failure to enforce the rules under these circumstances and that the court abused its discretion by allowing Golden to amend its answer. Golden is not foreclosed from moving to amend, but the matter must be remanded for further proceedings in accordance with the rules.

### Estoppel

■ Under Minn.Stat. § 541.051, subd. 1(a), a lawsuit alleging a construction defect must be brought within two years after the claimant discovers, or, with reasonable diligence, should have discovered an injury sufficient to entitle him to maintain an action. *Greenbrier Village Condominium Two Ass'n v. Keller Inv., Inc.*, 409 N.W.2d 519, 524 (Minn.App.1987). There is no dispute that the Rhees discovered substantial leakage in the spring of 1994. But a builder may be estopped from asserting the bar of the statute of limitations if his conduct satisfies the elements of equitable estoppel:

1. There must be conduct—acts, language or silence—amounting to a representation or a concealment of material facts. 2. These facts must be known to the party estopped * * *. 3. The truth concerning these facts must be unknown to the other party claiming the benefit of estoppel, at the time when such conduct was done, and at the time

when it was acted upon by him. 4. The conduct must be done with the intention, or at least with the expectation, that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon * * *. 5. The conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it. 6. He must in fact act upon it in such a manner as to change his position for the worse * * *.

*Lunning v. Land O'Lakes*, 303 N.W.2d 452, 457 (Minn.1980) (emphasis and quotation omitted).

The district court granted summary judgment against the Rhees on the issue of equitable estoppel. On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the district court erred in its application of law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990) (citation omitted).

■■■ When a party allegedly responsible for remedying a defect in real property makes assurances or representations that the defect will be repaired, that party may be estopped from asserting a statute-of-limitations defense if the injured party reasonably and detrimentally relied on the assurances or representations. *Hydra–Mac, Inc. v. Onan Corp.*, 450 N.W.2d 913, 919 (Minn.1990); *Mutual Serv. Life Ins. Co. v. Galaxy Builders, Inc.*, 435 N.W.2d 136, 140–41 (Minn.App.1989), *review denied* (Minn. Apr. 19, 1989). "Estoppel depends on the facts of each case and ordinarily presents a question for the jury." *Brenner v. Nordby*, 306 N.W.2d 126, 127 (Minn.1981). The application of equitable estoppel is a question of fact unless only one inference can be drawn from the facts. *Rice St. VFW, Post 3877 v. City of St. Paul*, 452 N.W.2d 503, 508 (Minn.App. 1990). We hold that the facts here do not compel only a single inference but rather present a genuine issue of whether or not Golden is equitably estopped from asserting a statute-of-limitations defense. Sum-

mary judgment on this issue was inappropriate.

The district court's relied on *The Rivers v. Richard Schwartz/Neil Weber*, 459 N.W.2d 166, 170 (Minn.App.1990), *review denied* (Oct. 25, 1990), in granting the summary judgment motion. Such reliance is misplaced because in that matter the facts did not support the application of equitable estoppel. As to some of the parties there was no evidence that any assurances had been given. *Id.* at 170. As to the remaining party, there had been an assurance that repairs would be made but then five years elapsed with continuing defects but without further assurances or repair efforts. *Id.* Here, it is undisputed that Golden made repeated assurances and repair efforts from the time the Rhees discovered the defect until a few months before they filed the lawsuit.

### New Statute of Limitations Period

■■■ The Rhees contend that some of Golden's work after discovery of the leakage amounted to improvements rather than repairs and any improvement would trigger a new statute of limitations period under Minn.Stat. § 541.051, subd. 1 (1996). The district court ruled that the "repairs" done between 1996 and 1998 did not start the running of a new limitations period. Implicit in the court's conclusion is a factual finding that all of the work was repairs rather than improvements. Summary judgment

should be employed only where it is perfectly clear that no issue of fact is involved, and that it is not desirable nor necessary to inquire into facts which might clarify the application of the law.

*Donnay v. Boulware*, 275 Minn. 37, 45, 144 N.W.2d 711, 716 (1966) (citation omitted). We hold that there exist genuine issues of material fact as to the proper characterization of the remedies attempted by Golden and Henderson. Summary judgment was inappropriate on this issue.

## DECISION

The district court abused its discretion by allowing an amendment of an answer without requiring prior notice and an opportunity for the opposing party to prepare to respond.

The district court erred by granting summary judgment when genuine issues of material fact exist as to the applicability of equitable estoppel and the distinction between repairs and improvements.

**Reversed and remanded.**